| | |
|---|---|
| Michael W. Sobol (SBN 194857)<br>msobol@lchb.com<br>David T. Rudolph (SBN 233457)<br>drudolph@lchb.com<br>**LIEFF CABRASER HEIMANN**<br>**& BERNSTEIN, LLP**<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br><br>*Attorney for Plaintiffs Michie, et al., and*<br>*the Proposed Classes*<br><br>Jason "Jay" Barnes (*pro hac vice*)<br>jaybarnes@simmonsfirm.com<br>**SIMMONS HANLY CONROY LLP**<br>12 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Telephone: (212) 784-6400<br>Facsimile: (212) 213-5949<br><br>*Attorney for Plaintiffs Michie, et al., and the*<br>*Proposed Classes*<br><br>[Additional counsel listed on signature page] | Christian Levis (*pro hac vice* forthcoming)<br>clevis@lowey.com<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Tel.: (914) 997-0500<br>Fax: (914) 997-0035<br><br>*Attorney for Plaintiff Turner, and the*<br>*Proposed Class*<br><br>Philip L. Fraietta (State Bar No. 354768)<br>**BURSOR & FISHER, P.A.**<br>1330 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (646) 837-7150<br>Facsimile: (212) 989-9163<br>pfraietta@bursor.com<br><br>*Attorney for Plaintiffs Hernandez-*<br>*Mendoza, et al., and the Proposed Class* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUG MICHIE and JUSTIN DYER,<br>*individually and on behalf of all others*<br>*similarly situated*,<br><br>                Plaintiffs,<br><br>v.<br><br>TheTradeDesk, Inc., *a corporation*<br>*organized under the laws of the State of*<br>*Delaware*,<br><br>                Defendant. | Case No. 3:25-cv-2889 (CRB)<br><br>CLASS ACTION<br><br>**JOINT NOTICE OF MOTION AND**<br>**MOTION FOR APPOINTMENT OF**<br>**INTERIM COUNSEL PURSUANT TO FED.**<br>**R. CIV. P. 23(g); MEMORANDUM OF**<br>**POINTS AND AUTHORITIES IN**<br>**SUPPORT**<br><br>Date: July 11, 2025<br>Time: 10:00 a.m<br>Judge: Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

|  |  |
|---|---|
| **This case relates to:**<br><br>JORGE HERNANDEZ-MENDOZA, STACY PENNING, LAURA BONETTI, TANISHA DANTIGNAC, JESSICA JU, and ROBERT MASON, *individually and on behalf of all others similarly situated,*<br><br>    Plaintiffs,<br><br>v.<br><br>The Trade Desk, Inc.,<br><br>    Defendant. | Case No. 3:25-cv-2923 (CRB) |
| **This case relates to:**<br><br>JENNIFER TURNER, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>The Trade Desk, Inc.,<br><br>    Defendant. | Case No. 3:25-cv-3136 (CRB) |

**JOINT NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 11, 2025 at 10:00 a.m. PT, or as soon thereafter as this matter may be heard, before the Honorable Charles R. Breyer of the United States District Court for the Northern District of California, Courtroom 6 – 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs in the above-captioned actions ("Plaintiffs") hereby jointly move pursuant to Fed. R. Civ. P. 23(g) for appointing as Interim Counsel: Lieff Cabraser Heimann & Bernstein, LLP as Lead Counsel, with a Plaintiffs' Executive Committee consisting of Simmons Hanly Conroy LLP, Lowey Dannenberg, P.C., and Bursor & Fisher, P.A.

Pursuant to Fed. R. Civ. P. 23(g)(3), the Court may appoint interim counsel to act on behalf of the putative class where, as here, proposed Interim Counsel satisfies all criteria under Rule 23(g). The proposed firms, individually and as a team, possess a wealth of knowledge and experience in prosecuting cutting-edge, complex privacy class actions against some of the largest technology and data collection firms in the country. To best leverage their collective expertise, and with collaborative efficiencies in mind, Interim Counsel propose a leadership structure that will streamline decision making, while also allowing for valued input and work from each experienced firm.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of David Rudolph, Jason Barnes, Christian Levis, and Phillip Fraietta, and the exhibits annexed thereto, as well as any additional papers, arguments, and evidence that may be submitted on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Motivated by their desire to cooperatively prosecute the above-captioned action for the benefit of Plaintiffs and the putative classes without delay, counsel in each case have come together to coordinate the efficient and effective prosecution of these claims. To that end, Plaintiffs seek appointment of Interim Counsel pursuant to Fed. R. Civ. P. 23(g)(3). Plaintiffs move separately for consolidation of the above-captioned actions.

As borne out by the detailed and well-supported complaints filed in these actions, proposed Interim Counsel have committed and will continue to commit the work and resources needed to diligently investigate and prosecute these claims. Moreover, they have the background, knowledge, and expertise that make them best able to do so. The Interim Counsel firms are trailblazers in the field of data privacy; they have developed core pleadings in the field, are well versed in the forensic and technical components of the at-issue data practices, and have garnered some of the most significant legal outcomes for plaintiffs in this space. Simply put, Interim Counsel have the knowledge, resources, commitment, and track record to vigorously prosecute these cases to the best and final resolution for the class.

Because of both the substantial overlap in these cases, as well as Plaintiffs' desire to litigate their claims in a way that is both streamlined as contemplated by Fed. R. Civ. P. 1 and likely to maximize the benefit to the putative Classes, Plaintiffs in each of these actions now move for appointment of Interim Counsel. This motion seeks to assure clarity with respect to procedure and management of these cases, and present an optimal structure for litigating them to resolution. Appointment of Interim Counsel should be granted.

**II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs in *Michie*, *Hernandez-Mendoza*, and *Turner* filed their respective complaints against Trade Desk in late March and early April of 2025. *See Michie*, ECF No. 1 (filed March 28, 2025), *Hernandez-Mendoza*, ECF No. 1 (filed March 28, 2025), *Turner*, ECF No. 1 (filed April 7, 2025). Each complaint alleges factually similar allegations and claims, all grounded in the assertion that Plaintiffs have been harmed by Trade Desk's unauthorized and unlawful

collection, use, and sale of their personal information. In April 2025, the Court ordered that the cases be related pursuant to Civ. L. R. 3-12. *See Michie*, ECF No. 27 (relating *Michie* and *Hernandez-Mendoza*); *Michie*, ECF No. 28 (relating *Michie* and *Turner*). Plaintiffs are not aware of any other pending action involving the same or substantively the same issues of law and fact as the above-captioned actions.

## III. ARGUMENT

Fed. R. Civ. P. 23(g)(3) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." The "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, coordinating for class certification, and negotiating settlement." Manual for Complex Litig., § 21.11 (4th ed. 2004).

In determining the appointment of interim counsel, the Court must consider four key factors: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A); *In re Lenovo Adware Litig.*, No. 15-md-02624, 2015 WL 10890657, at *1 n.1 (N.D. Cal. Jul. 27, 2015) (applying the Rule 23(g)(1)(A) factors to appointments of interim counsel). In addition, the Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Each Rule 23(g) factor weighs in favor of appointment.

### 1. Proposed Interim Counsel Have Done Considerable Work in Identifying and Investigating Potential Claims in the Action.

Proposed Interim Counsel have devoted substantial resources—both in time and money—to investigating the allegations, including extensive investigation and review of Trade Desk's business practices related to the collection, sharing, and selling of user data on behalf of the names Plaintiffs. This includes hundreds of hours analyzing developer documentation, combing

through Trade Desk's business filings, engaging in forensic review of data transmissions, reviewing relevant studies and research, consulting with preeminent data scientists and experts, and researching regulatory investigations. *See* Declaration of David T. Rudolph ("Rudolph Decl.") ¶¶ 3–4. This thorough prefiling investigation led to the development of detailed and cohesive factual allegations regarding Trade Desk's ability to collect, share, and sell personal information, which, in turn, support the well-researched legal claims. *See Azpeitia v. Tesoro Ref. & Mktg. Co. LLC,* No. 17-cv-123, 2017 WL 4071368, at *3 (N.D. Cal. Sept. 14, 2017) (appointing firm that performed extensive work identifying and investigating potential claims as interim counsel, and other firms representing plaintiffs to an informal litigation committee). Proposed Interim Counsel's foundational knowledge of Trade Desk's ability to collect, share, and sell personal information will serve to benefit the Class as the parties move into discovery, including discovery regarding Trade Desk's ESI sources, data bases, data structures, and attendant data flows.

### 2. Proposed Interim Counsel Have the Experience and Knowledge to Lead This Data Privacy Litigation.

Proposed Interim Counsel satisfy the second and third factors of Rule 23(g). They bring unparalleled experience handling complex and privacy class actions, which frequently present unique doctrinal and factual issues of first impression. Each member firm, and its appointed representative, have held leadership in complex cases and privacy class actions throughout the country, and have achieved significant relief for class members through settlement and trial.[1] Moreover, proposed Interim Counsel constitute a diverse panel that is especially well-experienced in litigating cutting-edge privacy law issues. The proposed structure is similar to leadership approved in complex cases by the courts in this District,[2] and will provide significant benefit to

---

[1] Additional information regarding the qualifications of each member firm and its appointed representative is provided in the firm resumes attached to the Declarations of David Rudolph, Jay Barnes, Christian Levis, and Philip L. Fraietta, filed herewith.

[2] *See. e.g., In Re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 3:15-md-02672-CRB, ECF No. 1084 (N.D. Cal. Jan. 21, 2016) (appointing a sole chair and lead counsel, Lieff Cabraser, to oversee a Plaintiffs' Steering Committee); *see also In re Google RTB Consumer Priv. Litig.,* 4:21-cv-02155, ECF No. 77 (N.D. Cal. Aug. 3, 2021) (appointing a sole chair and lead counsel to oversee a Plaintiffs' Executive Committee).

the proposed Classes here.

a. **Lieff Cabraser Heimann & Bernstein LLP**

Lieff Cabraser is a 135+ attorney AV-rated law firm founded in 1972 with offices in San Francisco, New York, Nashville, and Munich. *See* Rudolph Decl. ¶ 6; Rudolph Decl. Ex. 1 (Firm Resume). Lieff Cabraser's Privacy & Cybersecurity practice group is a nationally-recognized leader in the pursuit of preserving individual privacy against the pervasive intrusions of digital technology into all aspects of our daily lives. *See id.* The firm has a proven track record of successfully taking-on the powerhouses of "big data" and social media. The Privacy & Cybersecurity practice group's honors include Law360's 2024 Cybersecurity & Privacy Practice Group of the Year, National Law Journal's 2019 Elite Trial Lawyers award for privacy and data breach litigation and Law360's 2017 Data Privacy Practice Group of the Year. *See id.*

The Lieff Cabraser team on this case is led by Michael W. Sobol and David T. Rudolph. As chair of Lieff Cabraser's Privacy & Cybersecurity Practice Group, Mr. Sobol leads novel and challenging consumer protection class action lawsuits of first impression. Rudolph Decl. ¶ 7. Within the last few years, Mr. Sobol's cases have recovered over one billion dollars and have reformed business practices for the benefit of tens of millions of consumers nationwide. A two-time California Daily Journal "Top Cybersecurity Lawyer," in 2019 Mr. Sobol was named a "California Lawyer of the Year" for his outstanding work on the Anthem Data Breach litigation. The National Law Journal singled him out as a 2017 "Cybersecurity Law Trailblazer" for his significant efforts "in the fight against criminal cyber activity and towards adding much needed layers of data security in an increasingly digital world of commerce." Law360 honored Mr. Sobol as a 2017 "MVP for Cybersecurity and Data Privacy."

Mr. Rudolph is a partner in Lieff Cabraser's Privacy & Cybersecurity practice group with extensive experience litigating core technical and legal issues in privacy cases. Rudolph Decl. ¶ 8. Mr. Rudolph was recognized in Lawdragon's 2025 list of 500 Leading Litigators in America. Mr. Rudolph is also an Adjunct Professor of Law at UC College of the Law, San Francisco, where he teaches privacy law and regularly presents on and moderates panels on topics related to current issues in privacy law. Mr. Rudolph has a decade of experience litigating privacy class actions,

including representing the plaintiffs in *Campbell v. Facebook, Inc.*, 951 F.3d 1106 (9th Cir. 2020), which established central precedent in this Circuit with respect to Article III standing for statutory privacy claims. Together, as court-appointed Class counsel, Mr. Sobol and Mr. Rudolph secured a $115 million settlement in 2024 in a case against Oracle, one of the world's largest data brokers, in a lawsuit that alleged that Oracle improperly collected and sold the personal information of consumers to third parties without their consent. *Katz-Lacabe et al. v. Oracle America, Inc.*, No. 3:22-cv-4792, 2024 WL 4804974 (N.D. Cal. Nov. 15, 2024). The *Oracle* case involved myriad legal and factual claims that parallel those in the instant matter (in particular, allegations of expansive and surreptitious digital surveillance by a defendant not in privity with the plaintiffs), and Lieff Cabraser's extensive experience litigating and crafting strategies to navigate those novel issues make it uniquely well-qualified to serve as lead counsel in this case.[3]

The Lieff Cabraser team also includes Linnea D. Pittman, a senior associate in Lieff Cabraser's New York office with a practice focused on digital privacy and consumer protection litigation in the United States and European Union, and Danna Z. Elmasry, an associate in Lieff Cabraser's New York office who represents consumers, workers, authors, and artists in digital privacy, consumer protection, antitrust, and copyright litigation. *See* Rudolph Decl. ¶¶ 9–10.

### b.     Simmons Hanly Conroy LLP

Simmons Hanly Conroy LLP ("SHC") is a national litigation firm that has recovered billions of dollars in verdicts and settlements for its clients. *See* Barnes Decl. ¶ 12; Barnes Decl. Ex. 1 (SHC Firm Resume) at pp. 2, 4-8. The SHC team on this case is led by Jay Barnes, a partner at SHC and chair of the Class Action department. Mr. Barnes has served as lead counsel and on leadership for more than a dozen consumer privacy cases involving the types of browser technologies at issue here, including on cases that have led to landmark opinions. *See* Barnes Decl. ¶ 13 (referencing *In re: Google Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125 (3d Cir. 2015) (establishing that a data company can be held liable for intrusion upon seclusion for

---

[3] *See, e.g.*, *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928 (N.D. Cal. 2023) (finding, with respect to allegations that Oracle's surveillance practices *qua* data broker violated plaintiffs' Constitutional, common law, and statutory rights, that plaintiffs had sufficiently alleged: 1) Article III standing, 2) claims for invasion of privacy under the California Constitution and intrusion upon seclusion under California common law, and 3) violations of California's wiretapping statute).

misleading consumers about their privacy practices) (on leadership and argued Third Circuit appeal); *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262 (3d Cir. 2016) (first post-*Spokeo* decision to affirmatively hold that privacy injury is sufficient to confer Article III standing for common law torts and statutory claims) (co-lead counsel and argued Third Circuit appeal); *In re Facebook Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) (leading decision from the Ninth Circuit on several of key data privacy issues, including pleading ECPA, intrusion upon seclusion, and whether economic standing is established from the surreptitious taking and use of Internet user personal information through web-browsers)).

The SHC team also includes An Truong, Sona Shah, and Eric Johnson. Ms. Truong is a partner at SHC, who has successful led class certification motions in this District and assisted in and been appointed to various leadership committees in class, complex, and multi-district litigations. *See, e.g., Bailey v. Rite Aid Corp.*, 338 F.R.D. 390 (N.D. Cal. 2021) (certification of Rule 23(b)(3) class in a deceptive labeling case); *In re Google RTB Priv. Litig.*, Case No. 20-cv-02155-YGR (N.D. Cal.) (data privacy class action and member of the litigation team); *Calhoun, et al. v. Google LLC*, Case No. 20-cv-05146 (N.D. Cal.) (data privacy class action and member of the litigation team). *See* Barnes Decl. Ex. 1 (SHC Firm Resume) at p. 12. Ms. Shah is a partner at SHC. Her practice is focused on privacy, investor protection, antitrust, and mass torts. She is a member of the SHC team that Judge Vince Chhabria recently appointed as part of a three-firm Lead Counsel structure in *In re Wells Fargo Cash Sweep Litigation*, No. 24-4616 (N.D. Cal.), an investor protection class action. *See id.* at p. 13. Mr. Johnson is a partner at SHC with significant experience in data privacy litigation, including serving on litigation teams in complex class actions involving pixel tracking, third-party data sharing, and consumer analytics. *See, e.g., In re Facebook, Inc. Internet Tracking Litig.*, Case No. 12-md-2314 (N.D. Cal.); *In re Meta Pixel Healthcare Litig.*, Case No. 22-cv-03580 (N.D. Cal.). He has also litigated numerous first-of-their-kind pixel tracking and healthcare data sharing class actions in state and federal courts across the country, including California, Massachusetts, Missouri, Ohio, Illinois, and Washington. *See* Barnes Decl. Ex. 1 at p. 11.

### c. **Lowey Dannenberg, P.C.**

For nearly six decades, Lowey Dannenberg, P.C ("Lowey") has successfully prosecuted class actions against some of the world's largest companies, achieving substantial recoveries on behalf of consumers, Fortune 100 companies, the nation's largest pension funds, sophisticated institutional investors, and the Treasurer of the Commonwealth of Pennsylvania. *See* Levis Decl. Ex. 1. The Lowey team will be led by Christian Levis, a partner in Lowey's New York office and head of the firm's data breach and privacy practice group who is involved in leading the prosecution of several consumer privacy actions in this District against some of the largest technology companies in the world. *See Frasco v. Flo Health Inc.*, No. 3:21-cv-00757 (N.D. Cal.) (class action against Meta, Google, and others related to their interception of women's menstrual health information from the Flo Health app); *Doe v. GoodRx Holdings, Inc.*, No. 3:23-cv-00501 (N.D. Cal.) (class action against Meta, Google, and Criteo for collecting sensitive health and prescription information about GoodRx users); *Doe v. FullStory, Inc.*, No. 3:23-cv-00059 (N.D. Cal.) (class action on behalf of Hey Favor users whose sensitive medical information was intercepted by Meta, TikTok, and FullStory through tracking technology on the Hey Favor platform); *Doe v. Google LLC*, No. 3:23-cv-02431 (N.D. Cal.) (class action against Google related to its interception of individuals sensitive health information from health care provider websites); *In re Google Assistant Priv. Litig.*, No. 5:19-cv-04286 (N.D. Cal.) (class action on behalf of Google Assistant-enabled device users whose conversations were obtained by Google and shared with third parties without users' consent). Mr. Levis recently obtained a $95 million settlement on behalf of class members allegedly recoded by Apple's Siri voice assistant without consent. *See Lopez v. Apple Inc.*, No. 4:19-cv-04577, ECF No. 341 (N.D. Cal.).

The Lowey team includes Amanda Fiorilla, Vice Chair of Lowey's data breach and privacy group and one of its founding members. Ms. Fiorilla played a pivotal role in many of Lowey's privacy cases, including in *Flo Health* and *GoodRx*, and has zealously argued in several data privacy matters, including in *Doe v. FullStory, Inc.*, No. 3:23-cv-00059 (N.D. Cal.), before Judge Orrick, where she successfully defeated defendants' motions to dismiss claims arising out of the unlawful interception of health data from a telemedicine platform, and before Judge Donato

in *Flo Health* on numerous occasions. Ms. Fiorilla's ability to successfully navigate novel issues of law and fact will be particularly useful here in litigating an action involving new and emerging technologies.

### d.  Bursor & Fisher, P.A.

Bursor & Fisher, P.A. ("Bursor & Fisher") is well-established in the class action bar, having won six of six class action jury trials, including most recently having obtained a $267 million verdict in a Telephone Consumer Protection Act case. *See Perez v. Rash Curtis & Associates*, No. 16-cv-03396 (N.D. Cal. 2019). Bursor & Fisher has been at the forefront of litigation under the California Invasion of Privacy Act—under which claims are asserted here—and has achieved decisions clarifying novel issues under this statute in favor of consumers. *See, e.g., Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022); *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891 (N.D. Cal. 2023) (Breyer, J.); *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924 (N.D. Cal. 2024); *Revitch v. New Moosejaw*, 18-cv-06827, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019). The Bursor & Fisher team is led by Philip L. Fraietta, who has been named a "Rising Star" in the New York Metro Area by Super Lawyers every year since 2019. Mr. Fraietta's practice primarily focuses on data privacy and he has achieved significant victories in important areas of data privacy law. He secured summary judgment on behalf of the named plaintiff under the Michigan Preservation of Personal Privacy Act and created novel law on this previously, sparsely litigated statute. *See Boelter v. Hearst Commc'ns Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. 2017). Most recently, Mr. Fraietta achieved the first ever contested class certification under the Video Protection Privacy Act and in a Meta Pixel case. *See Jancik v. WebMD LLC*, 22-cv-00644, 2025 WL 560705 (N.D. Ga. Feb. 20, 2025) (certifying class in Meta Pixel based VPPA case). Mr. Fraietta has been counsel in a number of high-profile data privacy settlements, including *Rivera v. Google LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty.) ($100 million class settlement to resolve alleged Biometric Information Privacy Act violations of Illinois residents appearing in photos on the Google Photos platform); *Schreiber v. Mayo Foundation*, No. 22-cv-00188 (W.D. Mich.) ($52.5 million class settlement to resolve claims of health letter subscribers for alleged violations of the Michigan Preservation of Personal Privacy

Act); *Edwards v. Hearst Commc'ns, Inc.*, No. 15-cv-09279 (S.D.N.Y.) ($50 million class settlement to resolve claims of magazine subscribers for alleged violations of the Michigan Preservation of Personal Privacy Act); and *Ramos v. ZoomInfo Technologies, LLC*, No. 21-cv-02032 (N.D. Ill.) ($29.5 million class settlement to resolve alleged claims under the right of publicity statutes of California, Illinois, Indiana, and Nevada on behalf of residents who appeared in an online database).

The Bursor & Fisher team also includes Max S. Roberts, a senior associate in Bursor & Fisher's New York office, and Victoria X. Zhou and Joshua R. Wilner, junior associates in Bursor & Fisher's New York and Walnut Creek offices, respectively. Mr. Roberts graduated from Fordham University School of Law in 2019 and has been named a "Rising Star" in the New York Metro Area by Super Lawyers every year since 2023. He has not only been at the helm of many of the CIPA-related decisions that Bursor & Fisher secured on behalf of Californians, he personally argued (and won) the *Javier* appeal before the Ninth Circuit in just his third year of practice. Ms. Zhou graduated from Fordham University School of Law in 2023. Since starting at the firm, Ms. Zhou has been an important team member in many data privacy class actions handled by the firm, included the team that secured the aforementioned *Jancik* decision. Mr. Wilner graduated from UC-Berkley School of Law in 2023. Since starting at the firm, Mr. Wilner has worked on a number of data privacy class actions and secured relief on behalf of aggrieved consumers. *See Lee v. Plex, Inc.*, No. 24-cv-02386, 2025 WL 948118 (N.D. Cal. Mar. 28, 2025) (denying motion to dismiss and motion to compel arbitration in case that Mr. Wilner argued).

### 3. Proposed Interim Counsel Will Commit Ample Resources to Prosecute the Cases Efficiently and Effectively

As to the fourth factor of Rule 23(g), proposed Interim Counsel have the resources needed to prosecute this action in the best interests of the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Proposed Interim Counsel have repeatedly demonstrated the ability and willingness to dedicate substantial resources to pursuing class claims and will do so again here. Further, in litigating these cases, Interim Counsel will advance the costs of litigation themselves and will not require any litigation funders. *See* Rudolph Decl. ¶ 3; Barnes Decl. ¶ 9.

At the same time, proposed Interim Counsel are committed to litigating the case efficiently and economically. Proposed Interim Counsel are well-versed in using case management strategies to efficiently focus litigation, including appropriate staffing of litigation tasks to those attorneys and firms best suited to handle a particular issue; regular meetings of the Executive Committee to monitor assigned work; and implementation of strict time-keeping and expense billing protocols to ensure the efficient use of resources. Should the Court require it, Interim Counsel are prepared to submit a proposed Time and Expense Protocol.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs in the above-captioned action respectfully request that the Court appoint Lieff Cabraser Heimann & Bernstein, LLP as Lead Counsel, with a Plaintiffs' Executive Committee consisting of Simmons Hanly Conroy LLP, Lowey Dannenberg, P.C., and Bursor & Fisher, P.A.

Dated: May 15, 2025

Respectfully submitted

/s/ David T. Rudolph
Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Linnea D. Pittman (*pro hac vice*)
lpittman@lchb.com
Danna Elmasry (*pro hac vice*)
delmasry@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiffs Michie and Dyer, and the Proposed Classes*

/s/ Jay Barnes
Jason "Jay" Barnes (*pro hac vice*)
jaybarnes@simmonsfirm.com
Eric Johnson (*pro hac vice*)
ejohnson@simmonsfirm.com
An V. Truong (*pro hac vice*)
atruong@simmonsfirm.com
Sona R. Shah (*pro hac vice*)
sshah@simmonsfirm.com

| | |
|---|---|
| 1 | **SIMMONS HANLY CONROY LLP** |
| | 12 Madison Avenue, 7th Floor |
| 2 | New York, NY 10016 |
| | Telephone: (212) 784-6400 |
| 3 | Facsimile:  (212) 213-5949 |
| 4 | *Attorneys for Plaintiffs Michie and Dyer, and the Proposed Classes* |
| 5 | |
| 6 | */s/ Christian Levis* |
| | Christian Levis (*pro hac vice* forthcoming) |
| 7 | clevis@lowey.com |
| | Amanda Fiorilla (*pro hac vice* forthcoming) |
| 8 | afiorilla@lowey.com |
| | Rachel Kesten (*pro hac vice* forthcoming) |
| 9 | rkesten@lowey.com |
| | Yuanchen Lu (*pro hac vice* forthcoming) |
| 10 | ylu@lowey.com |
| | **LOWEY DANNENBERG, P.C.** |
| 11 | 44 South Broadway, Suite 1100 |
| | White Plains, NY 10601 |
| 12 | Tel.: (914) 997-0500 |
| | Fax: (914) 997-0035 |
| 13 | |
| 14 | *Attorneys for Plaintiff Turner, and the Proposed Class* |
| 15 | |
| 16 | */s/ Philip L. Fraietta* |
| | Philip L. Fraietta (State Bar No. 354768) |
| 17 | Max S. Roberts (pro hac vice forthcoming) |
| | Victoria X. Zhou (pro hac vice forthcoming) |
| 18 | **BURSOR & FISHER, P.A.** |
| | 1330 Avenue of the Americas, 32nd Floor |
| 19 | New York, NY 10019 |
| | Telephone: (646) 837-7150 |
| 20 | Facsimile: (212) 989-9163 |
| | E-mail: pfraietta@bursor.com |
| 21 | mroberts@bursor.com |
| | vzhou@bursor.com |
| 22 | |
| 23 | Joshua R. Wilner (State Bar No. 353949) |
| | **BURSOR & FISHER, P.A.** |
| 24 | 1990 North California Blvd., 9th Floor |
| | Walnut Creek, CA 94596 |
| 25 | Telephone: (925) 300-4455 |
| | Facsimile: (925) 407-2700 |
| 26 | jwilner@bursor.com |
| 27 | *Attorneys for Plaintiffs Hernandez-Mendoza, et al., and the Proposed Class* |
| 28 | |

3237746.1

11

JOINT NOTICE OF MOTION AND MOTION TO APPOINT INTERIM COUNSEL
CASE NO. 3:25-CV-2889 (CRB)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2025, I caused the foregoing to be electronically filed and served with the Clerk of the Court using the CM/ECF system to all Counsel of record in Michie, et al. v. TheTradeDesk, Inc., 3:25-cv-2289 (N.D. Cal.), Hernandez-Mendoza et al. v. The Trade Desk, Inc., No. 5:25-cv-2923 (N.D. Cal.), and Turner v. The Trade Desk, Inc., No. 3:25-cv-3136 (N.D. Cal.).

/s/ David T. Rudolph
David T. Rudolph
LIEFF CABRASER HEIMANN
& BERNSTEIN LLP

<u>ATTESTATION</u>

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 15, 2025

/s/ David T. Rudolph