Susan Fahringer, Bar No. 162978
Nicola Menaldo (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206-359-8687
Fax: 206-359-9000
Email: sfahringer@perkinscoie.com
Email: nmenaldo@perkinscoie.com

Caroline Sundermeyer, Bar No. 353219
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650-838-4300
Fax: 650-838-4350
Email: CSundermeyer@perkinscoie.com

*Attorneys for Defendant*
*The Trade Desk, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUG MICHIE and JUSTIN DYER, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE TRADE DESK, INC.,<br><br>Defendant. | Case No. 3:25-cv-02889-CRB<br><br>**DEFENDANT THE TRADE DESK, INC.'S RESPONSE TO PLAINTIFFS' JOINT MOTION TO CONSOLIDATE CASES PURSUANT TO FED. R. CIV. P. 42(A)**<br><br>Hearing Date: July 11, 2025<br>Time: 10:00 a.m.<br>Courtroom 6 – 17th Floor<br><br>Judge: Hon. Charles R. Breyer |

In response to Plaintiffs' Joint Motion to Consolidate ("Motion"), Defendant The Trade Desk, Inc. ("TTD") opposes only Plaintiffs' proposed date for an initial Case Management Conference ("CMC") (28 days after the Consolidated Complaint is filed), and the related deadline for counsel's Rule 26(f) conference (21 days before the CMC, *i.e.*, one week after a Consolidated Complaint is filed). TTD does not oppose consolidation under Federal Rule of Civil Procedure 42(a); agrees that the currently scheduled CMCs in the related cases *Michie, et al. v. The Trade Desk, Inc.*, No. 3:25-cv-2889-CRB (N.D. Cal.), *Hernandez-Mendoza, et al. v. The Trade Desk, Inc.*, No. 3:25-cv- 2923-CRB (N.D. Cal.), and *Turner v. The Trade Desk Inc.*, No. 3:25-cv-3136-CRB (N.D. Cal.) (the "Related Cases") should be vacated in light of the Motion to Consolidate; and agrees to the 30-day deadline to file the Consolidated Complaint, the 45-day deadline to respond, and the briefing schedule set forth in Plaintiffs' Motion. *See* Motion, p. 5 and n.1.

TTD requests that the Court defer setting a CMC until after TTD responds to the Consolidated Complaint. This is warranted for several reasons. *First*, it is justified by the anticipated complexity of the Consolidated Complaint. The complaints in the Related Cases are lengthy and elaborate. TTD anticipates that the Consolidated Complaint will be no less so, and that it may include new allegations, theories and claims. TTD will need time to assess the Consolidated Complaint before being in a position to substantively discuss the nature and basis of the claims and defenses, initial disclosures, a discovery plan, and the other matters required under Rule 26(f). TTD's proposed timing would allow for this.

*Second*, TTD's response to the Consolidated Complaint will likely be a motion to dismiss that could substantially alter the scope of this case, if not dispose of it entirely. This would have a substantial impact on the substance of the parties' discussions under Rule 26(f). Conducting a 26(f) conference while such a motion is pending, and certainly before such a motion is filed, would be inefficient, particularly because it might be mooted by such a motion.

*Third*, deferring scheduling a CMC at least until after TTD responds to a Consolidated Complaint is in keeping with the approach used by courts in this district, which routinely wait to hold initial CMCs until after a *ruling* on defendants' motions to dismiss. *See, e.g.*, *Hazel et al v. Prudential Financial, Inc. et al.*, 3:22-cv-07465-CRB (N.D. Cal.) (holding the initial CMC after ruling on defendants' motion to dismiss); *In re Sunrun Inc. Securities Litig.*, No. 17-CV-02537-VC, 2018 WL 10323335, at *2 (N.D. Cal. July 19, 2018) ("The initial case management conference is vacated and will be rescheduled if the next iteration of the complaint survives a motion to dismiss."); *Gonzalez v. Mazda Motor Corp.*, No. 16-CV-02087-MMC, 2017 WL 11897229, at *2 (N.D. Cal. Feb. 9, 2017) (noting that "the Initial Case Management Conference" had been "previously vacated in light of the then-pending motion to dismiss").

*Fourth*, until Plaintiffs' motion to appoint interim class counsel (Dkt. 41) is decided, there will be ambiguity regarding Plaintiffs' counsel's respective roles, making a Rule 26(f) conference unnecessarily challenging.

TTD understands that Plaintiffs' counsel would agree to an additional two weeks for the CMC and Rule 26(f) conference, but no more. This would not address TTD's concerns, nor would it be an efficient solution. Accordingly, and for the reasons discussed above, TTD requests that if the Court consolidates the Related Cases, it defer scheduling a CMC until after TTD responds to the Consolidated Complaint.

DATED:  May 29, 2025

**PERKINS COIE LLP**

By: */s/ Susan Fahringer*

| | |
|---|---|
| Susan Fahringer, Bar No. 162978<br>Nicola Menaldo (admitted *pro hac vice*)<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>Telephone: 206.359.8687<br>Fax: 206.359.9000<br>Email: sfahringer@perkinscoie.com<br>Email: nmenaldo@perkinscoie.com<br><br>Caroline Sundermeyer, Bar No. 353219<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone: 650.838.4300<br>Fax: 650.838.4350<br>Email: CSundermeyer@perkinscoie.com | Justin Potesta, Bar No. 314133<br>PERKINS COIE LLP<br>405 Colorado Street, Suite 1700<br>Austin, TX  78701<br>Telephone:  737.256.6100<br>Fax:  737.256.6300<br>Email:  JPotesta@perkinscoie.com<br><br>Colin Lubelczyk<br>(admitted *pro hac vice*)<br>PERKINS COIE LLP<br>1120 N.W. Couch Street, Tenth Floor<br>Portland, OR  97209-4128<br>Telephone:  503.727.2000<br>Fax:  503.727.2222<br>Email:  CLubelczyk@perkinscoie.com<br><br>Emma K. Roberts<br>(admitted *pro hac vice*)<br>PERKINS COIE LLP<br>500 N. Akard Street, Suite 3300<br>Dallas, TX  75201-3347<br>Telephone:  214.965.7700<br>Fax:  214.965.7799<br>Email:  EmmaRoberts@perkinscoie.com<br><br>*Attorneys for Defendant*<br>*The Trade Desk, Inc.* |