Susan D. Fahringer, Bar No. 162978
SFahringer@perkinscoie.com
Nicola C. Menaldo (*pro hac vice*)
NMenaldo@perkinscoie.com
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: 206.359.8000
Facsimile: 206.359.9000

Hayden M. Schottlaender (*pro hac vice*)
HSchottlaender@perkinscoie.com
**PERKINS COIE LLP**
500 N. Akard St., Suite 3300
Dallas, TX 75201
Telephone: 214.965.7700
Facsimile: 214.965.7799

*Attorneys for Defendant The Trade Desk, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE THE TRADE DESK, INC. DATA PRIVACY LITIGATION | Case No. 3:25-cv-2889 (CRB) |
| | **THE TRADE DESK INC.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |

Defendant the Trade Desk, Inc. ("TTD"), by and through its attorneys, Perkins Coie LLP, hereby answers Plaintiffs' Consolidated Class Action Complaint ("CCAC") as follows, in paragraphs numbered to correspond to the paragraph numbers in the CCAC. For ease of reference, TTD uses the section headings in the CCAC, but specifically denies any and all allegations, characterizations, and inferences of wrongdoing that may be contained in those section headings.

TTD expressly reserves, and does not waive, the right to amend and supplement this Answer. All facts not specifically admitted are denied.

## I.    **INTRODUCTION**

1.      TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 1 and states that the services and technologies TTD provides are privacy conscious. TTD admits that it is an international technology company that offers a self-service, cloud-based demand side platform enabling the Company's clients to plan, manage, optimize, and measure data-driven digital advertising campaigns across various ad formats and channels. TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. TTD admits that it offers services that analyze and collect certain types of data from websites, phones, computers, and connected TVs. TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising customers may use that information to inform their advertising strategy. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. TTD's Data Marketplace and other services are subject to contractual and other use restrictions. Except as expressly admitted, TTD denies the allegations in paragraph 1.

2.      TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites, website activity,

devices, and browsers. TTD admits that it offers services that analyze and collect certain types of data from websites, phones, computers, and connected TVs. TTD admits that it associates data using pseudonymous identifiers. TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising customers may use that information to inform their advertising strategy. Except as expressly admitted, TTD denies the allegations in paragraph 2.

3.     Paragraph 3 contains legal conclusions to which no response is required. To the extent a further response is required, TTD states that the services and technologies it provides are privacy conscious. People have many options to opt out of the processing and sale of information about them. To the extent a further response is required, TTD denies the allegations in paragraph 3.

4.     Paragraph 4 contains legal conclusions to which no response is required. To the extent a further response is required, TTD admits that Plaintiffs pursue the claims and relief described in paragraph 4. TTD denies that Plaintiffs are entitled to any relief whatsoever. Except as expressly admitted, TTD denies the allegations in paragraph 4.

## II.     PLAINTIFFS

### A.     Plaintiff Doug Michie

5.     TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 5 and on that basis denies these allegations.

6.     The Excel file referred to in paragraph 6 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 6 about which data may or may not relate to Plaintiff Michie, and on that basis denies these allegations. TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising customers may use that information to inform their advertising strategy. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which

reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations in paragraph 6.

7.      The Excel sheets referred to in paragraph 7 speak for themselves and require no response. Except as expressly admitted, TTD denies the allegations in paragraph 7.

### 1.    "BidFeedback" Results Excel File

8.      The Excel sheet referred to in paragraph 8 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 8 regarding which data may or may not relate to Plaintiff Michie, and on that basis denies these allegations. TTD admits that real-time bidding is an online auction for advertising space leveraging various categories of information. TTD admits that, on behalf of its advertiser customers, TTD processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. Except as expressly admitted, TTD denies the allegations in paragraph 8.

9.      The Excel sheet referred to in paragraph 9 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 9 regarding which data may or may not relate to Plaintiff Michie, and on that basis denies these allegations. TTD admits that, on behalf of its advertiser customers, TTD processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. TTD admits that it offers various online analytics technologies to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD admits that it associates data using pseudonymous identifiers. TTD incorporates its answers to paragraphs 88–107 as if fully set forth herein. Except as expressly admitted, TTD denies the allegations in paragraph 9.

10.     The Excel sheet referred to in paragraph 10 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to

admit or deny the allegations in paragraph 10 regarding which data may or may not relate to Plaintiff Michie, and on that basis denies these allegations. TTD admits that it associates data using pseudonymous identifiers, including Unified ID 2.0 ("UID2"). Except as expressly admitted, TTD denies the allegations in paragraph 10.

11.    The Excel sheet referred to in paragraph 11 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 11 regarding which data may or may not relate to Plaintiff Michie, and on that basis denies these allegations. TTD admits that, on behalf of its advertiser customers, TTD processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. TTD admits that it associates data using pseudonymous identifiers, including UID2 and Trade Desk ID ("TDID"). Except as expressly admitted, TTD denies the allegations in paragraph 11.

### 2.    "DMP Results" Excel File

12.    The Excel sheet and website referred to in paragraph 12 speak for themselves and require no response. To the extent a further response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 12 regarding which data may or may not relate to Plaintiff Michie, and on that basis denies these allegations. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations in paragraph 12.

### 3.    Trade Desk's Further Interception and Use of Plaintiff Michie's Online Browsing Activity

13.    Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 13 regarding which data may or may not relate to Plaintiff Michie, and on that basis denies these allegations. TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites,

website activity, devices, and browsers. TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising customers may use that information to inform their advertising strategy. Except as expressly admitted, TTD denies the allegations in paragraph 13.

14.     Paragraph 14 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 14.

15.     TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 15 regarding which data may or may not relate to Plaintiff Michie, and on that basis denies these allegations. TTD admits that it offers various online advertising technologies, including pixels, cookies, and JavaScript code to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD incorporates its answers to paragraphs 88–107 as if fully set forth herein. Except as expressly admitted, TTD denies the allegations in paragraph 15.

16.     Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 16 regarding which data may or may not relate to Plaintiff Michie, and on that basis denies these allegations. TTD admits that it offers various online advertising technologies, including pixels, cookies, and JavaScript code to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD admits that it owns the adsrvr.org domain. Except as expressly admitted, TTD denies the allegations in paragraph 16.

17.     TTD has insufficient knowledge or information to admit or deny the allegation that Plaintiff Michie visited the webpages listed in paragraph 17, and on that basis denies that allegation. TTD admits that it offers various online advertising technologies, to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. Except as expressly admitted, TTD denies the allegations in paragraph 17.

1

**B.    Plaintiff Justin Dyer**

2

18.    TTD has insufficient knowledge or information to admit or deny the allegations in

3

paragraph 18 and on that basis denies these allegations.

4

19.    The Excel file referred to in paragraph 19 speaks for itself and requires no

5

response. To the extent a response is required, TTD has insufficient knowledge or information to

6

admit or deny the allegations in paragraph 19 regarding which data may or may not relate to

7

Plaintiff Dyer, and on that basis denies these allegations. TTD admits that real-time bidding is an

8

online auction for advertising space leveraging various categories of information. TTD admits

9

that, on behalf of its advertiser customers, it processes and at times stores data regarding web

10

traffic, which may include data about websites, website activity, devices, and browsers. TTD

11

admits that its advertising customers and third-party data providers may collect data about certain

12

types of offline activity, and TTD's advertising customers may use that information to inform

13

their advertising strategy. TTD admits that it hosts a Data Marketplace where third parties and

14

TTD can offer audience segments which reflect potential consumer preferences and

15

characteristics. TTD's advertising customers can organize and leverage these audience segments

16

to inform bidding on advertising space and to decide what ads to show. Except as expressly

17

admitted, TTD denies the allegations in paragraph 19.

18

20.    The Excel sheet referred to in paragraph 20 speaks for itself and requires no

19

response. Except as expressly admitted, TTD denies the allegations in paragraph 20.

20

21.    TTD has insufficient knowledge or information to admit or deny the allegations in

21

paragraph 21 regarding which data may or may not relate to Plaintiff Dyer, and on that basis

22

denies these allegations. TTD admits that, on behalf of its advertiser customers, TTD processes

23

and at times stores data regarding web traffic, which may include data about websites, website

24

activity, devices, and browsers. Except as expressly admitted, TTD denies the allegations in

25

paragraph 21.

26

22.    TTD has insufficient knowledge or information to admit or deny the allegations in

27

paragraph 22 regarding which data may or may not relate to Plaintiff Dyer, and on that basis

28

denies these allegations. TTD admits that it associates data using pseudonymous identifiers, including UID2. Except as expressly admitted, TTD denies the allegations in paragraph 22.

### 1. "DMP Results" Excel File

23.    The Excel sheet referred to in paragraph 23 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 23 regarding which data may or may not relate to Plaintiff Dyer, and on that basis denies these allegations. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations in paragraph 23.

24.    The Excel sheet referred to in paragraph 24 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 24 regarding which data may or may not relate to Plaintiff Dyer, and on that basis denies these allegations. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations in paragraph 24.

### 2. Trade Desk's Further Interception and Use of Plaintiff Dyer's Online Browsing Activity

25.    Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 25 regarding which data may or may not relate to Plaintiff Dyer, and on that basis denies these allegations. TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising

customers may use that information to inform their advertising strategy. Except as expressly admitted, TTD denies the allegations in paragraph 25.

26.    Paragraph 26 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 26.

27.    TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 27 regarding which data may or may not relate to Plaintiff Dyer, and on that basis denies these allegations. TTD admits that it offers various online advertising technologies, including pixels, cookies, and JavaScript code to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD incorporates its answers to paragraphs 88–107 as if fully set forth herein. Except as expressly admitted, TTD denies the allegations in paragraph 27.

28.    Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 28 regarding which data may or may not relate to Plaintiff Dyer, and on that basis denies these allegations. TTD admits that it offers various online advertising technologies, including pixels, cookies, and JavaScript code to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD admits that it owns the adsrvr.org domain. Except as expressly admitted, TTD denies the allegations in paragraph 28.

29.    Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 29 regarding which data may or may not relate to Plaintiff Dyer, and on that basis denies these allegations. TTD admits that it offers various online advertising technologies, including pixels, cookies, and JavaScript code to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD incorporates its answers to paragraphs 63–82 as if fully set forth herein. Except as expressly admitted, TTD denies the allegations in paragraph 29.

30.     TTD has insufficient knowledge or information to admit or deny the allegation that Plaintiff Dyer visited the webpages listed in paragraph 30, and on that basis denies that allegation. TTD admits that it offers various online advertising technologies, to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. Except as expressly admitted, TTD denies the allegations in paragraph 30.

**C.     Plaintiff Jessica Ju**

31.     TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 31 and on that basis denies these allegations.

32.     The Excel file referred to in paragraph 32 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 32 regarding which data may or may not relate to Plaintiff Ju, and on that basis denies these allegations. TTD admits that real-time bidding is an online auction for advertising space leveraging various categories of information. TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising customers may use that information to inform their advertising strategy. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations in paragraph 32.

33.     The Excel sheets referred to in paragraph 33 speak for themselves and require no response. Except as expressly admitted, TTD denies the allegations in paragraph 33.

**1.     "BidFeedback" Results Excel File**

34.     The Excel sheet referred to in paragraph 34 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to

admit or deny the allegations in paragraph 34 regarding which data may or may not relate to Plaintiff Ju, and on that basis denies these allegations. TTD admits that real-time bidding is an online auction for advertising space leveraging various categories of information. TTD admits that, on behalf of its advertiser customers, TTD processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. Except as expressly admitted, TTD denies the allegations in paragraph 34.

35.    The Excel sheet referred to in paragraph 35 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 35 regarding which data may or may not relate to Plaintiff Ju, and on that basis denies these allegations. TTD admits that, on behalf of its advertiser customers, TTD processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. TTD admits that it offers various online analytics technologies to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD admits that it associates data using pseudonymous identifiers. TTD incorporates its answers to paragraphs 88–107 as if fully set forth herein. Except as expressly admitted, TTD denies the allegations in paragraph 35.

36.    The Excel sheet referred to in paragraph 36 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 36 regarding which data may or may not relate to Plaintiff Ju, and on that basis denies these allegations. TTD admits that it associates data using pseudonymous identifiers, including UID2. Except as expressly admitted, TTD denies the allegations in paragraph 36.

37.    The Excel sheet referred to in paragraph 37 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 37 regarding which data may or may not relate to Plaintiff Ju, and on that basis denies these allegations. TTD admits that, on behalf of its advertiser customers, TTD processes and at times stores data regarding web traffic, which may include data

about websites, website activity, devices, and browsers. TTD admits that it associates data using pseudonymous identifiers, including UID2 and TDID. Except as expressly admitted, TTD denies the allegations in paragraph 37.

38.    The Excel sheet referred to in paragraph 38 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 38 regarding which data may or may not relate to Plaintiff Ju, and on that basis denies these allegations. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations in paragraph 38.

**2.    Trade Desk's Further Interception and Use of Plaintiff Ju's Online Browsing Activity**

39.    Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 39 regarding which data may or may not relate to Plaintiff Ju, and on that basis denies these allegations. TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising customers may use that information to inform their advertising strategy. Except as expressly admitted, TTD denies the allegations in paragraph 39.

40.    Paragraph 40 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 40.

41.    Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 41 regarding which data may or may not relate to Plaintiff Ju, and on that basis denies these allegations. TTD admits that it offers various online advertising technologies,

including pixels, cookies, and JavaScript code to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD incorporates its answers to paragraphs 88–107 as if fully set forth herein. Except as expressly admitted, TTD denies the allegations in paragraph 41.

42.     Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 42 regarding which data may or may not relate to Plaintiff Ju, and on that basis denies these allegations. TTD admits that it offers various online advertising technologies, including pixels, cookies, and JavaScript code to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD admits that it owns the adsrvr.org domain. Except as expressly admitted, TTD denies the allegations in paragraph 42.

43.     TTD has insufficient knowledge or information to admit or deny the allegation that Plaintiff Ju visited the webpages listed in paragraph 43, and on that basis denies that allegation. TTD admits that it offers various online advertising technologies, to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. Except as expressly admitted, TTD denies the allegations in paragraph 43.

**D.     <u>Plaintiff Jennifer Turner</u>**

44.     TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 44 and on that basis denies these allegations.

45.     TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 45 and on that basis denies these allegations.

46.     Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 46 regarding which data may or may not relate to Plaintiff Turner, and on that basis denies these allegations. TTD admits that real-time bidding is an online auction for advertising space leveraging various categories of information. TTD admits that, on behalf of its

advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising customers may use that information to inform their advertising strategy. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations in paragraph 46.

47.    TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 47 regarding which data may or may not relate to Plaintiff Turner, and on that basis denies these allegations. TTD admits that it associates data using pseudonymous identifiers, including UID2. Except as expressly admitted, TTD denies the allegations in paragraph 47.

### 1.    Trade Desk's Further Interception and Use of Plaintiff Turner's Online Browsing Activity

48.    Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 48 regarding which data may or may not relate to Plaintiff Turner, and on that basis denies these allegations. TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising customers may use that information to inform their advertising strategy. Except as expressly admitted, TTD denies the allegations in paragraph 48.

49.    Paragraph 49 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 49.

50.    Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the

allegations in paragraph 50 regarding which data may or may not relate to Plaintiff Turner, and on that basis denies these allegations. TTD admits that it offers various online advertising technologies, including pixels, cookies, and JavaScript code to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD incorporates its answers to paragraphs 88–107 as if fully set forth herein. Except as expressly admitted, TTD denies the allegations in paragraph 50.

51.     Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 51 regarding which data may or may not relate to Plaintiff Turner, and on that basis denies these allegations. TTD admits that it offers various online advertising technologies, including pixels, cookies, and JavaScript code to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD admits that it owns the adsrvr.org domain. Except as expressly admitted, TTD denies the allegations in paragraph 51.

52.     TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 52 regarding which data may or may not relate to Plaintiff Turner, and on that basis denies these allegations. TTD admits that it offers various online advertising technologies, including pixels, cookies, and JavaScript code to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD incorporates its answers to paragraphs 88–107 as if fully set forth herein. Except as expressly admitted, TTD denies the allegations in paragraph 52.

53.     TTD has insufficient knowledge or information to admit or deny the allegation that Plaintiff Turner visited the webpages listed in paragraph 53, and on that basis denies that allegation. TTD admits that it offers various online advertising technologies, to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. Except as expressly admitted, TTD denies the allegations in paragraph 53.

**III.    DEFENDANT**

54.    Paragraph 54 contains legal conclusions to which no response is required. To the extent a further response is required, TTD admits that it is a Nevada corporation that was, prior to its reincorporation in November 2024, a Delaware corporation. TTD admits that it is headquartered at the address listed in paragraph 54. Except as expressly admitted, TTD denies the allegations in paragraph 54.

**IV.    JURISDICTION AND VENUE**

55.    Paragraph 55 contains legal conclusions to which no response is required. To the extent a further response is required, TTD admits that it is headquartered in California and that it conducts business there. Except as expressly admitted, TTD denies the allegations in paragraph 55.

56.    Paragraph 56 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 56.

57.    Paragraph 57 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 57.

58.    Paragraph 58 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 58.

59.    Paragraph 59 contains legal conclusions to which no response is required. To the extent a further response is required, TTD has insufficient knowledge or information to admit or deny the allegation that Plaintiff Dyer resides within this District, and on that basis denies that allegation. TTD admits that it maintains offices in this District. Except as expressly admitted, TTD denies the allegations in paragraph 59.

**V.    CHOICE OF LAW**

60.    Paragraph 60 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 60.

61.    Paragraph 61 contains legal conclusions to which no response is required. To the extent a further response is required, TTD admits that it is headquartered in California. Except as expressly admitted, TTD denies the allegations in paragraph 61.

62.     Paragraph 62 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 62.

63.     Paragraph 63 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 63.

## VI.     DIVISIONAL ASSIGNMENT

64.     Paragraph 64 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 64.

## VII.    FACTS COMMON TO ALL CLAIMS

### A.     Trade Desk's Practices are Inherently Privacy-Invasive.

65.     TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 65 and states that the services and technologies TTD provides are privacy conscious. TTD admits that it offers various online advertising technologies to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising customers may use that information to inform their advertising strategy. Except as expressly admitted, TTD denies the allegations in paragraph 65.

66.     TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 66 and states that the services and technologies TTD provides are privacy conscious. The webpage referred to in paragraph 66 speaks for itself and requires no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD has insufficient knowledge or information to admit or deny the allegations regarding Google and Amazon in paragraph 66, and on that basis denies those allegations. Except as expressly admitted, TTD denies the allegations in paragraph 66.

67.     TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 67 and states that the services and technologies TTD provides are

privacy conscious. Paragraph 67 contains legal conclusions to which no response is required. The webpage referred to in paragraph 67 speaks for itself and requires no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Except as expressly admitted, TTD denies the allegations in paragraph 67.

68.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 68 and states that the services and technologies TTD provides are privacy conscious. Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites, website activity, devices, and browsers. TTD admits that it associates data using pseudonymous identifiers, including UID2. TTD admits that UID2 is based in part on either email addresses or phone numbers. Except as expressly admitted, TTD denies the allegations in paragraph 68.

69.    The webpage referred to in paragraph 69 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the generalized allegations of how all facets of the real-time bidding industry might operate, and on that basis denies those allegations. TTD admits that real-time bidding is an online auction for advertising space leveraging various categories of information. Except as expressly admitted, TTD denies the allegations in paragraph 69.

70.    The webpage referred to in paragraph 70 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the generalized allegations of how all facets of the real-time bidding industry might operate, and on that basis denies those allegations. TTD admits that real-time bidding is an online auction for advertising space leveraging various categories of information TTD admits that supply-side platforms assist publishers in selling advertising and communicating information about available advertising opportunities to exchanges. TTD admits that demand-side platforms can help advertisers analyze advertising opportunities and bid on advertising space. Except as expressly admitted, TTD denies the allegations in paragraph 70.

71.    The webpage referred to in paragraph 71 speaks for itself and requires no response. To the extent a response is required, TTD has insufficient knowledge or information to admit or deny the allegations regarding the frequency of real-time-bidding in the U.S. and Europe, and on that basis denies those allegations. TTD has insufficient knowledge or information to admit or deny the generalized allegations of how all facets of the real-time bidding industry might operate, and on that basis denies those allegations. The remaining allegations in paragraph 71 are legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 71.

72.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 72 and states that the services and technologies TTD provides are privacy conscious. The webpages referred to in paragraph 72 speak for themselves and require no response. To the extent a response is required, TTD admits that it is an international technology company that offers a self-service, cloud-based demand side platform enabling its clients to plan, manage, optimize, and measure data-driven digital advertising campaigns across various ad formats and channels. TTD admits that it may analyze and collect certain types of data related to real-time bidding, including on behalf of its advertising customers to bid on ad space. Except as expressly admitted, TTD denies the allegations in paragraph 72.

73.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 73 and states that the services and technologies TTD provides are privacy conscious. Paragraph 73 contains legal conclusions to which no response is required. To the extent a further response is required, TTD states that people have many options to opt out of the processing and sale of information about them. Except as expressly admitted, TTD denies the allegations in paragraph 73.

**B.    Trade Desk Creates Persistent Deterministic Identifiers as the Foundation for Its Surveillance of Plaintiffs.**

74.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 74 and states that the services and technologies TTD provides are privacy conscious. The webpage referred to in paragraph 74 speaks for itself and requires no

response. To the extent a response is required, TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. TTD admits that the data providers listed in paragraph 74 have offered certain segments in its Data Marketplace, except Roku. Except as expressly admitted, TTD denies the allegations in paragraph 74.

**1.    Trade Desk Permanently Brands and Tracks Plaintiffs and Class Members with Its "Unified ID 2.0" Identification Number.**

75.    The webpages referred to in paragraph 75 speak for themselves and require no response. To the extent a response is required, TTD admits that it associates data using pseudonymous identifiers, including UID. TTD admits that UID2 is based in part on either email addresses or phone numbers. TTD admits that UID2 may be associated at the household and individual level. Except as expressly admitted, TTD denies the allegations in paragraph 75.

76.    The webpage referred to in paragraph 76 speaks for itself and requires no response. To the extent a response is required, TTD admits that it associates data, including data about devices, using pseudonymous identifiers, including UID2. TTD admits that UID2 is based in part on either email addresses or phone numbers. Except as expressly admitted, TTD denies the allegations in paragraph 76.

77.    The webpages referred to in paragraph 77 speak for themselves and require no response. TTD admits that it associates data using pseudonymous identifiers, including UID2. TTD admits that UID2 is based in part on either email addresses or phone numbers. Except as expressly admitted, TTD denies the allegations in paragraph 77.

78.    The webpage referred to in paragraph 78 speaks for itself and requires no response. TTD admits that it associates data using pseudonymous identifiers, including UID2. TTD admits that UID2 is based in part on either email addresses or phone numbers. Except as expressly admitted, TTD denies the allegations in paragraph 78.

79.     The webpage referred to in paragraph 79 speaks for itself and requires no response. TTD admits that it associates data using pseudonymous identifiers, including UID2. Except as expressly admitted, TTD denies the allegations in paragraph 79.

80.     The webpage and screenshot referred to in paragraph 80 speak for themselves and require no response. TTD admits that it offers services that analyze and collect certain types of data from websites, phones, computers, and connected TVs. TTD admits that it associates data using pseudonymous identifiers, including UID2. To the extent a further response is required, TTD denies the allegations in paragraph 80.

81.     The webpage referred to in paragraph 81 speaks for itself and requires no response. To the extent a response is required, TTD admits that it associates data using pseudonymous identifiers, including UID2. TTD admits that UID2 is based in part on either email addresses or phone numbers. The services and technologies TTD provides are privacy conscious. Except as expressly admitted, TTD denies the allegations in paragraph 81.

**2.    Trade Desk Shares and Trades in Surveillance with Other Privacy-Invasive Actors Through Its "Identity Alliance."**

82.     TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 82 and states that the services and technologies TTD provides are privacy conscious. Except as expressly admitted, TTD denies the allegations in paragraph 82.

83.     The webpages and screenshot referred to in paragraph 83 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that it offers a service known as "Identity Alliance." TTD admits that it offers services that analyze and collect certain types of data from websites, phones, computers, and connected TVs. TTD admits that it associates data using pseudonymous identifiers, including UID2. TTD admits that UID2 is based in part on either email addresses or phone numbers. TTD admits that UID2 may be associated at the household and individual level. Except as expressly admitted, TTD denies the allegations in paragraph 83.

84.     The webpage and screenshot referred to in paragraph 84 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that it offers a service known as "Identity Alliance." TTD admits that Identity Alliance includes data about devices in TTD's AdBrain graph and data from third-party vendors. TTD admits that it associates data using pseudonymous identifiers, including UID2. TTD admits that UID2 may be associated at the household and individual level. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 84.

85.     The webpage referred to in paragraph 85 speaks for itself and requires no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that its advertising customers may leverage Identity Alliance to tailor ads to devices associated with one another. TTD admits that it associates data using pseudonymous identifiers, including UID2. TTD admits that UID2 may be associated at the household and individual level. To the extent a further response is required, TTD denies the allegations in paragraph 85.

86.     TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 86 and states that the services and technologies TTD provides are privacy conscious. TTD admits that Identity Alliance has included certain data from third-party providers, including Tapad, LiveRamp, and Oracle. The webpage, screenshot, and lawsuits referred to in paragraph 86 speak for themselves and require no response. To the extent a further response is required, TTD denies the allegations in paragraph 86.

C.      **Trade Desk's Direct Methods for Collecting Individuals' Personal Information**

87.     TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 87 and states that the services and technologies TTD provides are privacy conscious. TTD admits that it associates data using pseudonymous identifiers, including UID2. TTD admits that it offers various online advertising technologies, including pixels, cookies, and Software Development Kits ("SDKs"), to websites, advertisers, publishers, and

others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. Except as expressly admitted, TTD denies the allegations in paragraph 87.

**1.    Cookies and Cookie Syncing**

88.    The webpage referred to in paragraph 88 speaks for itself and requires no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that it writes cookies, which are pieces of software code stored by websites on a web user's browser to record data about the browser's interactions on relevant websites where the browser is configured to allow such cookies. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 88.

89.    The webpages referred to in paragraph 89 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that cookie syncing involves correlating its cookie IDs to other cookie IDs. Except as expressly admitted, TTD denies the allegations in paragraph 89.

90.    TTD admits that cookie syncing involves correlating its cookie IDs to other cookie IDs. Except as expressly admitted, TTD denies the allegations in paragraph 90.

91.    TTD admits that it offers a Trade Desk Universal Pixel and Trade Desk Match Tag. TTD admits that, when the Trade Desk Match Tag is present on a website, it may transmit data to the domain "match.adsrvr.org," including pseudonymous IDs. Except as expressly admitted, TTD denies the allegations in paragraph 91.

92.    TTD admits that cookies may be used to correlate data. Except as expressly admitted, TTD denies the allegations in paragraph 92.

93.    TTD admits that it writes cookies and engages in cookie syncing for the purpose of online advertising. Except as expressly admitted, TTD denies the allegations in paragraph 93.

2. **Universal Pixel (JavaScript)**

94.     TTD admits that it offers a Trade Desk Universal Pixel that contains Javascript. TTD admits that customers can use the Universal Pixel to analyze web traffic, including certain actions taken on a website. Except as expressly admitted, TTD denies the allegations in paragraph 94.

95.     Paragraph 95 contains legal conclusions to which no response is required. TTD admits that the Universal Pixel can be configured to transmit certain information, including URL information, IP address, date and time information, and information about devices. Except as expressly admitted, TTD denies the allegations in paragraph 95.

96.     Paragraph 96 contains legal conclusions to which no response is required. The webpage and screenshot referred to in paragraph 96 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Except as expressly admitted, TTD denies the allegations in paragraph 96.

97.     The webpage referred to in paragraph 97 speaks for itself and requires no response. TTD admits that the Universal Pixel can be configured for cookie syncing. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 97.

98.     TTD admits that website owners may incorporate the Universal Pixels code on their websites. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 98.

3. **Static Tracking Pixels**

99.     The webpage referred to in paragraph 99 speaks for itself and requires no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that it offers its customers static pixels, which are pieces of code that website owners can incorporate into their websites. TTD admits that static pixels can be configured by website owners to transmit data about website activity to TTD, and that website owners can name events associated with

1  different web activities. Except as expressly admitted, TTD denies the allegations and

2  characterizations in paragraph 99.

3      100.    Paragraph 100 contains legal conclusions to which no response is required. TTD

4  admits that website owners can transmit data to TTD's adsrvr.org domain. TTD admits that this

5  data may include URL information, IP address, date and time information, and information about

6  devices. Except as expressly admitted, TTD denies the allegations in paragraph 100.

7      101.    TTD admits that website owners may incorporate the static pixel code on their

8  websites. Except as expressly admitted, TTD denies the allegations and characterizations in

9  paragraph 101.

10     102.    Paragraph 102 contains legal conclusions to which no response is required. TTD

11 admits that pixels are configurable and that the information they transmit may change depending

12 on how they are configured or deployed by the website owner. Except as expressly admitted,

13 TTD denies the allegations in paragraph 102.

14     103.    Paragraph 103 contains legal conclusions to which no response is required. The

15 webpage and screenshots referred to in paragraph 103 speak for themselves and require no

16 response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are

17 complete or provide full context and deny Plaintiffs' characterization thereof. TTD insufficient

18 knowledge or information to admit or deny the allegations regarding the Hyatt website and on

19 that basis denies those allegations. Except as expressly admitted, TTD denies the allegations in

20 paragraph 103.

21          **4.    Real Time Conversion Events SDK (Software Development Kit)**

22     104.    The webpage referred to in paragraph 104 speaks for itself and requires no

23 response. TTD admits that it offers to its customers a Real-Time Conversion Events application

24 programming interface (or "API"), and as part of TTD's online advertising services, it offers

25 customers reports based on data transmitted by the API, which advertisers can use to understand

26 the effectiveness of and optimize their advertising campaigns. Except as expressly admitted, TTD

27 denies the allegations in paragraph 104.

28

105.    Paragraph 105 contains legal conclusions to which no response is required. The webpage referred to in paragraph 105 speaks for itself and requires no response. TTD admits that website owners can use the Real-Time Conversion Events API to transmit data to TTD. TTD admits that this data may include URL information, web activity information, IP address, date and time information, and information about devices. Except as expressly admitted, TTD denies the allegations in paragraph 105.

106.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 106 and states that the services and technologies TTD provides are privacy conscious. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 106.

107.    TTD admits that the Real-Time Conversion Events API can be used to transmit data, which advertisers can use to understand the effectiveness of and optimize their advertising campaigns. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 107.

**5.    Data Collection Through Trade Desk's Demand Side Platform and Real-Time Bidding**

108.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 108 and states that the services and technologies TTD provides are privacy conscious. The website referred to in paragraph 108 speaks for itself and requires no response. To the extent a further response is required, TTD admits that real-time bidding is an online auction for advertising space leveraging various categories of information. TTD admits that demand-side platforms can help advertisers analyze advertising opportunities and bid on advertising space. TTD admits that website publishers may transmit data about website visitors to ad exchanges, and that TTD may analyze and collect certain types of bidstream data, including on behalf of its advertising customers. People have many options to opt out of the processing and sale of information about them. Except as expressly admitted, TTD denies the allegations in paragraph 108.

109.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 109 and states that the services and technologies TTD provides are privacy conscious. The video referred to in paragraph 109 speaks for itself and requires no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 109.

110.    TTD admits that website publishers may transmit data about website visitors to ad exchanges, including those offered by OpenX and Google, and TTD may analyze and collect certain types of bidstream data, including on behalf of its advertising customers. TTD has insufficient knowledge or information to admit or deny the allegations regarding the number of websites, smartphone apps, and connected television applications that might be reflected on these exchanges, and on that basis denies those allegations. Except as expressly admitted, TTD denies the allegations in paragraph 110.

111.    Paragraph 111 contains legal conclusions to which no response is required. The webpage referred to in paragraph 111 speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 111.

112.    The webpage and screenshot referred to in paragraph 112 speak for themselves and require no response. To the extent a further response is required, TTD admits that the screenshot referred to in paragraph 112 represents how real-time bidding might work. TTD denies the allegations in paragraph 112.

113.    The website referred to in paragraph 113 and the protocol on that website speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that the Interactive Advertising Bureau publishes a real-time-bidding protocol that standardizes how online advertising data is communicated. Except as expressly admitted, TTD denies the allegations in paragraph 113.

114.    The Excel sheets referred to in paragraph 114 speak for themselves and require no response. To the extent a response is required, TTD has insufficient knowledge or information to

admit or deny the allegations in paragraph 114 regarding which data may or may not relate to Plaintiffs Michie and Ju, and on that basis denies these allegations. TTD admits that it may analyze data reflected in the bidstream process and associate a portion of that data with potentially matching pseudonymized data. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 114.

**D.      Trade Desk Uses the Vast Amounts of Data It Collects from Class Members to Create Cradle-to-Grave Dossiers on Them.**

115.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 115 and states that the services and technologies TTD provides are privacy conscious. TTD admits that it may group data into audience segments using pseudonymous identifiers, including UID2. TTD admits that these audience segments are intended to allow advertisers to show relevant ads to website visitors. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 115.

116.    The website referred to in paragraph 116 speaks for itself and requires no response. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. TTD admits that audience segments may be based on first-party data sent to TTD by an advertiser customer, which may be leveraged by that customer analyze to inform bids on advertising space. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 116.

117.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 117 and states that the services and technologies TTD provides are privacy conscious. The website referred to in paragraph 117 speaks for itself and requires no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 117.

118.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 118 and states that the services and technologies TTD provides are privacy conscious. The website referred to in paragraph 118 speaks for itself and requires no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. Except as expressly admitted, TTD denies the allegations in paragraph 118.

119.    The website referred to in paragraph 119 speaks for itself and requires no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD's Data Marketplace and other services are subject to contractual and other use restrictions. Except as expressly admitted, TTD denies the allegations in paragraph 119.

120.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 120 and states that the services and technologies TTD provides are privacy conscious. The website referred to in paragraph 120 speaks for itself and requires no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that political campaign organizations may use TTD's platform and services, subject to certain feature and usage restrictions. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 120.

121.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 121 and states that the services and technologies TTD provides are privacy conscious. The websites referred to in paragraph 121 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that it may group data into audience segments using pseudonymous identifiers, including UID2. TTD admits that these audience segments are intended to help advertisers show relevant ads to website visitors. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 121.

122.    Paragraph 122 contains legal conclusions to which no response is required. TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 122 and states that the services and technologies TTD provides are privacy conscious. The websites and Attorney General opinion referred to in paragraph 122 speak for themselves and require no response. TTD admits that it may group data into audience segments using pseudonymous identifiers, including UID2. TTD admits that these audience segments are intended to help advertisers show relevant ads to website visitors. Except as expressly admitted, TTD denies the allegations in paragraph 122.

123.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 123 and states that the services and technologies TTD provides are privacy conscious. The Excel sheets referred to in paragraph 123 speak for themselves and require no response. TTD has insufficient knowledge or information to admit or deny the allegations in paragraph 123 regarding which data may or may not relate to Plaintiffs, and on that basis denies these allegations. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 123.

**E.    Trade Desk Leverages the Data Collected About Individuals Via Its Various Tracking Technologies and Data Partnerships to Fuel Its Demand Side Platform for Use in Real-Time Bidding.**

124.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 124 and states that the services and technologies TTD provides are privacy conscious. The website referred to in paragraph 124 speaks for itself and requires no response. TTD admits that it created and currently operates UID2 and that some publishers include UID2 information in bidstream data. TTD admits that it may analyze certain types of data related to real-time bidding, including UID2, to help advertiser customers to bid on ad space. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 124.

125.    The website referred to in paragraph 125 speaks for itself and requires no response. TTD admits that it associates data using pseudonymous identifiers, including UID2. TTD admits that it currently operates UID2, and that a UID2 is based in part on either email

addresses or phone numbers. TTD admits that it may analyze certain types of data related to real-time bidding, including UID2, to help advertiser customers to bid on advertising space. Except as expressly admitted, TTD denies the allegations in paragraph 125.

126.    The website referred to in paragraph 126 speaks for itself and requires no response. TTD admits that its advertiser customers can tailor their advertising campaigns to audiences they select. TTD admits that audiences may be based on various segments, which may reflect potential consumer preferences and characteristics and certain types of device information. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 126.

127.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 127 and states that the services and technologies TTD provides are privacy conscious. TTD admits that its advertiser customers can tailor their advertising campaigns to audiences they select. TTD admits that it helps advertisers analyze and bid for online advertising space. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 127.

128.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 128 and states that the services and technologies TTD provides are privacy conscious. The website referred to in paragraph 128 speaks for itself and requires no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof.  TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD admits that political campaign organizations may use TTD's platform and services, subject to certain feature and usage restrictions. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 128.

129.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 129 and states that the services and technologies TTD provides are privacy conscious. The websites referred to in paragraph 129 speak for themselves and require no

response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 129.

130.    The websites referred to in paragraph 130 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. TTD admits that it offers a Data Management Platform. Advertising customers can use the Data Management Platform to manage their data and leverage the Data Marketplace. Data providers can utilize the Data Marketplace to offer audience segments. Except as expressly admitted, TTD denies the allegations in paragraph 130.

131.    TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. TTD admits that third-party data providers are compensated when their data is used to inform advertising bids. Except as expressly admitted, TTD denies the allegations in paragraph 131.

132.    The websites referred to in paragraph 132 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize

and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. TTD admits that, to participate in TTD's Data Marketplace, third-party data providers must organize data and upload it. TTD admits that data providers may convert email addresses and phone numbers to UID2s before uploading the data. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 132.

133.     The websites referred to in paragraph 133 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that data providers can make their audience segments available for use by all participants on the platform or only to certain participants they specify. Except as expressly admitted, TTD denies the allegations in paragraph 133.

134.     TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 134 and states that the services and technologies TTD provides are privacy conscious. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations in paragraph 134.

135.     TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 135 and states that the services and technologies TTD provides are privacy conscious. The websites referred to in paragraph 135 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that it rejects certain types of segments from its Data Marketplace. TTD's standard contract terms for data providers prohibit inclusion of certain types of data. TTD admits that Retargetly, Dataxpand, and Navegg have offered certain segments in its Data Marketplace. Except as expressly admitted, TTD denies the allegations in paragraph 135.

136.    Paragraph 136 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 136 and states that the services and technologies TTD provides are privacy conscious. Paragraph 136 also contains allegations that TTD has insufficient knowledge or information to admit or deny and on that basis denies these allegations. The websites referred to in paragraph 136 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that the data providers listed in paragraph 136 have offered certain segments in its Data Marketplace, except Pogo. Except as expressly admitted, TTD denies the allegations in paragraph 136.

137.    Paragraph 137 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 137 and states that the services and technologies TTD provides are privacy conscious. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 137.

138.    Paragraph 138 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 138 and states that the services and technologies TTD provides are privacy conscious. The websites referred to in paragraph 138 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that the data providers listed in paragraph 138 have offered certain segments in its Data Marketplace. Except as expressly admitted, TTD denies the allegations in paragraph 138.

139.    The websites referred to in paragraph 139 speak for themselves and require no response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that political campaign organizations may use TTD's platform and services, subject to certain feature

1   and usage restrictions. Except as expressly admitted, TTD denies the allegations in

2   paragraph 139.

3       140.    The websites referred to in paragraph 140 speak for themselves and require no

4   response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are

5   complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that

6   political campaign organizations may use TTD's platform and services, subject to certain feature

7   and usage restrictions. Except as expressly admitted, TTD denies the allegations in

8   paragraph 140.

9       141.    The websites referred to in paragraph 141 speak for themselves and require no

10  response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are

11  complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that

12  political campaign organizations may use TTD's platform and services, subject to certain feature

13  and usage restrictions. Except as expressly admitted, TTD denies the allegations in

14  paragraph 141.

15      142.    TTD denies the argumentative, vague, and conclusory allegations and

16  characterizations of paragraph 142 and states that the services and technologies TTD provides are

17  privacy conscious. The website referred to in paragraph 142 speaks for itself and requires no

18  response. To the extent a response is required, TTD denies that Plaintiffs' selective quotations are

19  complete or provide full context and deny Plaintiffs' characterization thereof. TTD admits that

20  political campaign organizations may use TTD's platform and services, subject to certain feature

21  and usage restrictions. Except as expressly admitted, TTD denies the allegations in

22  paragraph 142.

23      143.    TTD denies the argumentative, vague, and conclusory allegations and

24  characterizations of paragraph 143 and states that the services and technologies TTD provides are

25  privacy conscious. TTD admits that only customers and data providers that agree to TTD's terms

26  can use its services or offer audience segments on its Data Marketplace. Except as expressly

27  admitted, TTD denies the allegations in paragraph 143.

28

144.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 144 and states that the services and technologies TTD provides are privacy conscious. TTD admits that it does not publicly identify all of its advertising clients that participate in its Data Marketplace. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 144.

145.    Paragraph 145 contains legal conclusions to which no response is required. TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 145 and states that the services and technologies TTD provides are privacy conscious. The video referred to in paragraph 145 speaks for itself and requires no response. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 145.

**F.    Trade Desk's Practices are Recognized as Highly Offensive and Invasive Threats to Individual Privacy**

146.    Paragraph 146 contains legal conclusions to which no response is required. The websites referred to in paragraph 146 speak for themselves and require no response. To the extent a further response is required, TTD admits that the services and technologies it provides are privacy conscious. Except as expressly admitted, TTD denies the allegations in paragraph 146.

147.    The website referred to in paragraph 147 speaks for itself and requires no response. To the extent a further response is required, TTD admits that UID2 is based in part on either email addresses or phone numbers. The services and technologies TTD provides are privacy conscious. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 147.

148.    The website referred to in paragraph 148 speaks for itself and requires no response. To the extent a further response is required, the services and technologies TTD provides are privacy conscious. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 148.

149.    The websites referred to in paragraph 149 speak for themselves and require no response. To the extent a further response is required, the services and technologies TTD provides

are privacy conscious. Except as expressly admitted, TTD denies the allegations in paragraph 149.

150.    Paragraph 150 contains legal conclusions to which no response is required. The website referred to in paragraph 150 speaks for itself and requires no response. To the extent a further response is required, the services and technologies TTD provides are privacy conscious. Except as expressly admitted, TTD denies the allegations in paragraph 150.

151.    Paragraph 151 contains legal conclusions to which no response is required. The website referred to in paragraph 151 speaks for itself and requires no response. To the extent a further response is required, the services and technologies TTD provides are privacy conscious. Except as expressly admitted, TTD denies the allegations in paragraph 151.

152.    The website referred to in paragraph 152 speaks for itself and requires no response. To the extent a further response is required, the services and technologies TTD provides are privacy conscious. TTD has insufficient knowledge or information to admit or deny the allegations regarding Apple's "Do Not Track" feature, and on that basis denies those allegations. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 152.

### G.     Individuals Have Not Consented to Trade Desk's Tracking, Collection, or Use of Their Personal Information.

153.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 153 and states that the services and technologies TTD provides are privacy conscious. Paragraph 153 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 153.

154.    Paragraph 154 contains legal conclusions to which no response is required. To the extent a further response is required, TTD admits that internet usage is widespread. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 154.

155.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 155 and states that the services and technologies TTD provides are privacy conscious. Paragraph 155 contains legal conclusions to which no response is required. To the extent a further response is required, TTD admits that it hosts a Data Marketplace where third

parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. TTD has insufficient knowledge or information regarding Plaintiffs' and Class members' alleged lack of knowledge or foresight, and on that basis denies those allegations. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 155.

156.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 156 and states that the services and technologies TTD provides are privacy conscious. Paragraph 156 contains legal conclusions to which no response is required. The websites referred to in paragraph 156 speak for themselves and require no response. To the extent a further response is required, TTD has insufficient knowledge or information regarding Plaintiffs' and Class members' alleged lack of knowledge or foresight, and on that basis denies those allegations. Except as expressly admitted, TTD denies the allegations in paragraph 156.

157.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 157 and states that the services and technologies TTD provides are privacy conscious. Paragraph 157 contains legal conclusions to which no response is required. The text and legislative history of the California Privacy Rights Act ("CPRA") speak for themselves and require no response. To the extent a further response is required, TTD has insufficient knowledge or information regarding Plaintiffs' and Class members' alleged lack of knowledge or foresight, and on that basis denies those allegations. Except as expressly admitted, TTD denies the allegations and characterizations in paragraph 157.

158.    TTD denies the argumentative, vague, and conclusory allegations and characterizations of paragraph 158 and states that the services and technologies TTD provides are privacy conscious. Paragraph 158 contains legal conclusions to which no response is required. To the extent a further response is required, TTD has insufficient knowledge or information regarding Plaintiffs' and Class members' alleged lack of knowledge or foresight, and on that basis denies those allegations. Except as expressly admitted, TTD denies the allegations in paragraph 158.

3:25-CV-2889 (CRB)
THE TRADE DESK, INC.'S ANSWER

1    159.    TTD denies the argumentative, vague, and conclusory allegations and

2    characterizations of paragraph 159 and states that the services and technologies TTD provides are

3    privacy conscious. Paragraph 159 contains legal conclusions to which no response is required.

4    The website and statute referred to in paragraph 159 speak for themselves and require no

5    response. To the extent a further response is required, TTD denies the allegations in paragraph

6    159. Except as expressly admitted, TTD denies the allegations in paragraph 159.

7    160.    TTD denies the argumentative, vague, and conclusory allegations and

8    characterizations of paragraph 160 and states that the services and technologies TTD provides are

9    privacy conscious. Paragraph 160 contains legal conclusions to which no response is required. To

10    the extent a further response is required, TTD has insufficient knowledge or information

11    regarding Plaintiffs' and Class members' alleged lack of knowledge or foresight, and on that basis

12    denies those allegations. Except as expressly admitted, TTD denies the allegations and

13    characterizations in paragraph 160.

14    161.    TTD denies the argumentative, vague, and conclusory allegations and

15    characterizations of paragraph 161 and states that the services and technologies TTD provides are

16    privacy conscious. Paragraph 161 contains legal conclusions to which no response is required.

17    Paragraph 161 also contains allegations that TTD has insufficient knowledge or information to

18    admit or deny and on that basis denies these allegations. To the extent a further response is

19    required, TTD denies the allegations in paragraph 161.

20    162.    TTD denies the argumentative, vague, and conclusory allegations and

21    characterizations of paragraph 162 and states that the services and technologies TTD provides are

22    privacy conscious. Paragraph 162 contains legal conclusions to which no response is required.

23    Paragraph 162 also contains allegations that TTD has insufficient knowledge or information to

24    admit or deny and on that basis denies these allegations. To the extent a further response is

25    required, TTD denies the allegations in paragraph 162.

26    163.    TTD denies the argumentative, vague, and conclusory allegations and

27    characterizations of paragraph 163 and states that the services and technologies TTD provides are

28    privacy conscious. Paragraph 163 contains legal conclusions to which no response is required.

1  The websites referred to in paragraph 163 speak for themselves and require no response. To the

2  extent a further response is required, TTD denies the allegations in paragraph 163.

3       164.    The websites referred to in paragraph 164 speak for themselves and require no

4  response. To the extent a further response is required, TTD denies the allegations in

5  paragraph 164.

6       165.    TTD denies the argumentative, vague, and conclusory allegations and

7  characterizations of paragraph 165 and states that the services and technologies TTD provides are

8  privacy conscious. Paragraph 165 contains legal conclusions to which no response is required. To

9  the extent a further response is required, TTD denies the allegations in paragraph 165.

10      166.    TTD denies the argumentative, vague, and conclusory allegations and

11  characterizations of paragraph 166 and states that the services and technologies TTD provides are

12  privacy conscious. Paragraph 166 contains legal conclusions to which no response is required. To

13  the extent a further response is required, TTD has insufficient knowledge or information

14  regarding Plaintiffs' and Class members' alleged lack of knowledge or foresight, and on that basis

15  denies those allegations. Except as expressly admitted, TTD denies the allegations in

16  paragraph 166.

17      167.    TTD denies the argumentative, vague, and conclusory allegations and

18  characterizations of paragraph 167 and states that the services and technologies TTD provides are

19  privacy conscious. Paragraph 167 contains legal conclusions to which no response is required. To

20  the extent a further response is required, TTD denies the allegations in paragraph 167.

21      168.    TTD denies the argumentative, vague, and conclusory allegations and

22  characterizations of paragraph 168 and states that the services and technologies TTD provides are

23  privacy conscious. Paragraph 168 contains legal conclusions to which no response is required.

24  The video referred to in paragraph 168 speaks for itself and requires no response. To the extent a

25  further response is required, TTD denies the allegations in paragraph 168.

26      169.    TTD denies the argumentative, vague, and conclusory allegations and

27  characterizations of paragraph 169 and states that the services and technologies TTD provides are

28

1  privacy conscious. Paragraph 169 contains legal conclusions to which no response is required. To

2  the extent a further response is required, TTD denies the allegations in paragraph 169.

3  **VIII.   CLASS ALLEGATIONS**

4          170.    Paragraph 170 contains legal conclusions to which no response is required. To the

5  extent a further response is required, TTD admits that Plaintiffs seek to bring this action

6  individually and on behalf of the class and sub-classes defined in paragraph 170. TTD denies that

7  any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements

8  of Federal Rule of Civil Procedure 23. Except as expressly admitted, TTD denies the allegations

9  in paragraph 170.

10          171.    Paragraph 171 contains legal conclusions to which no response is required. To the

11  extent a further response is required, TTD admits that Plaintiffs seek to bring this action

12  individually and on behalf of the class and sub-classes defined in paragraph 170 and that

13  Plaintiffs purport to exclude from this class the individuals and entities listed in paragraph 171.

14  TTD denies that any putative class is amenable to class certification or that Plaintiffs can satisfy

15  the requirements of Federal Rule of Civil Procedure 23. Except as expressly admitted, TTD

16  denies the allegations in paragraph 171.

17          172.    Paragraph 172 contains legal conclusions to which no response is required. To the

18  extent a further response is required, TTD denies the allegations in paragraph 172.

19          173.    Paragraph 173 contains legal conclusions to which no response is required. To the

20  extent a further response is required, TTD denies the allegations in paragraph 173.

21          174.    Paragraph 174 contains legal conclusions to which no response is required. To the

22  extent a further response is required, TTD denies the allegations in paragraph 174.

23          175.    Paragraph 175 contains legal conclusions to which no response is required. To the

24  extent a further response is required, TTD denies the allegations in paragraph 175.

25          176.    Paragraph 176 contains legal conclusions to which no response is required. To the

26  extent a further response is required, TTD denies the allegations in paragraph 176.

27          177.    Paragraph 177 contains legal conclusions to which no response is required. To the

28  extent a further response is required, TTD denies the allegations in paragraph 177.

178.    Paragraph 178 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 178.

179.    Paragraph 179 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 179.

## IX.    CAUSES OF ACTION

### First Cause of Action
### Invasion of Privacy Under the California Constitution
### (on behalf of the California Sub-Class)

180.    TTD incorporates its answers to the preceding paragraphs 1 through 179 as if fully set forth herein.

181.    Paragraph 181 contains legal conclusions to which no response is required. The text and legislative history of the California Constitution speak for themselves and require no response. To the extent a further response is required, TTD denies the allegations in paragraph 181.

182.    Paragraph 182 contains legal conclusions to which no response is required. The text and legislative history of the California Constitution speak for themselves and require no response. To the extent a further response is required, TTD denies the allegations in paragraph 182.

183.    Paragraph 183 contains legal conclusions to which no response is required. The text and legislative history of the California Constitution speak for themselves and require no response. To the extent a further response is required, TTD denies the allegations in paragraph 183.

184.    Paragraph 184 contains legal conclusions to which no response is required. To the extent a further response is required, TTD admits that internet usage is widespread. Except as expressly admitted, TTD denies the allegations in paragraph 184.

185.    Paragraph 185 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 185.

186.    Paragraph 186 contains legal conclusions to which no response is required. The California Consumer Privacy Act ("CCPA") speaks for itself and requires no response. To the

extent a further response is required, TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites, web activity, devices, and browsers. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations in paragraph 186.

187.    TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising customers may use that information to inform their advertising strategy. TTD has insufficient knowledge or information regarding Plaintiffs' and Class members' alleged lack of knowledge or foresight, and on that basis denies those allegations. Except as expressly admitted, TTD denies the allegations in paragraph 187.

188.    Paragraph 188 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 188.

189.    Paragraph 189 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 189.

190.    Paragraph 190 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 190.

191.    Paragraph 191 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 191.

192.    Paragraph 192 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 192.

193.    Paragraph 193 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 193.

194.    Paragraph 194 contains legal conclusions to which no response is required. The California Constitution speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 194.

195.    Paragraph 195 contains legal conclusions to which no response is required. The California Constitution speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 195.

196.    Paragraph 196 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 196.

<u>**Second Cause of Action**</u>
**Intrusion Upon Seclusion Under California Common Law**
**(on behalf of the United States Class)**

197.    TTD incorporates its answers to the preceding paragraphs 1 through 196 as if fully set forth herein.

198.    Paragraph 198 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 198.

199.    Paragraph 199 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 199.

200.    Paragraph 200 contains legal conclusions to which no response is required. To the extent a further response is required, TTD admits that internet usage is widespread. Except as expressly admitted, TTD denies the allegations in paragraph 200.

201.    Paragraph 201 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 201.

202.    Paragraph 202 contains legal conclusions to which no response is required. The CCPA speaks for itself and requires no response. To the extent a further response is required, TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding web traffic, which may include data about websites, web activity, devices, and browsers. TTD admits that it hosts a Data Marketplace where third parties and TTD can offer audience segments which reflect potential consumer preferences and characteristics. TTD's advertising customers can organize and leverage these audience segments to inform bidding on advertising space and to decide what ads to show. Except as expressly admitted, TTD denies the allegations in paragraph 202.

203.    TTD admits that its advertising customers and third-party data providers may collect data about certain types of offline activity, and TTD's advertising customers may use that information to inform their advertising strategy. Except as expressly admitted, TTD denies the allegations in paragraph 203.

204.    Paragraph 204 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 204.

205.    Paragraph 205 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 205.

206.    Paragraph 206 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 206.

207.    Paragraph 207 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 207.

208.    Paragraph 208 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 208.

209.    Paragraph 209 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 209.

210.    Paragraph 210 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 210.

211.    Paragraph 211 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 211.

212.    Paragraph 212 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 212.

213.    Paragraph 213 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 213.

214.    Paragraph 214 contains legal conclusions to which no response is required. The book referred to in paragraph 214 speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 214.

**Third Cause of Action**
**Violation of The Federal Wiretap Act, 18 U.S.C. § 2510, et. seq.**
**(on behalf of the Statutory Sub-Class)**

215. TTD incorporates its answers to the preceding paragraphs 1 through 214 as if fully set forth herein.

216. Paragraph 216 contains legal conclusions to which no response is required. The Federal Wiretap Act, as amended by the Electronic Communications Privacy Act of 1986 ("ECPA") speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 216.

217. Paragraph 217 contains legal conclusions to which no response is required. ECPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 217.

218. Paragraph 218 contains legal conclusions to which no response is required. ECPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 218.

219. Paragraph 219 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 219.

220. Paragraph 220 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 220.

221. Paragraph 221 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 221.

**Interception Through Pixels**

222. TTD incorporates its answers to the preceding paragraphs 94–103 as if fully set forth herein. TTD admits that it offers various online advertising technologies, including pixels, to websites, advertisers, publishers, and others so that they can analyze web traffic, correlate and organize data about website visitors, and analyze the effectiveness of advertising campaigns. Paragraph 222 contains legal conclusions regarding "intercept" and "content communications" to which no response is required. Except as expressly admitted, TTD denies the allegations in paragraph 222.

223.    Paragraph 223 contains legal conclusions to which no response is required. To the extent a further response is required, TTD admits that its pixel technologies can be configured to transmit certain information, including URL information, IP address, date and time information, and information about devices. Except as expressly admitted, TTD denies the allegations in paragraph 223.

224.    Paragraph 224 contains legal conclusions to which no response is required. TTD incorporates its answers to the preceding paragraphs 17, 30, 43, and 53 as if fully set forth herein. To the extent a further response is required, TTD denies the allegations in paragraph 224.

225.    Paragraph 225 contains legal conclusions to which no response is required. ECPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 225.

226.    Paragraph 226 contains legal conclusions to which no response is required. ECPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 226.

227.    Paragraph 227 contains legal conclusions to which no response is required. ECPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 227.

228.    Paragraph 228 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 228.

229.    Paragraph 229 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 229.

**Interception Through Real-Time Events Conversion**

230.    TTD admits that it offers to its customers a Real-Time Conversion Events API and as part of TTD's online advertising services, it offers customers reports based on data transmitted by the API, which advertisers can use to understand the effectiveness of and optimize their advertising campaigns. Except as expressly admitted, TTD denies the allegations in paragraph 230.

231.    TTD admits that website owners can use the Real-Time Conversion Events API to transmit data to TTD. TTD admits that this may include URL information, web activity information, IP address, date and time information, and information about devices. Except as expressly admitted, TTD denies the allegations in paragraph 231.

232.    Paragraph 232 contains legal conclusions to which no response is required. ECPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 232.

233.    Paragraph 233 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 233.

234.    Paragraph 234 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 234.

235.    Paragraph 235 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 235.

**Lack of Consent**

236.    Paragraph 236 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 236.

237.    Paragraph 237 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 237.

**The Interceptions Were Performed for the Purpose of Committing Tortious Acts**

238.    Paragraph 238 contains legal conclusions to which no response is required. ECPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 238.

239.    Paragraph 239 contains legal conclusions to which no response is required. ECPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 239.

240.    Paragraph 240 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 240.

241.    Paragraph 241 contains legal conclusions to which no response is required. ECPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 241.

**Fourth Cause of Action**
**Violation of California Invasion of Privacy Act, Cal. Penal Code §§ 630 to 638**
**(on behalf of the Statutory Sub-Class)**

242.    TTD incorporates its answers to the preceding paragraphs 1 through 241 as if fully set forth herein.

## Wiretapping – California Penal Code § 631

243.    Paragraph 243 contains legal conclusions to which no response is required. The California Invasion of Privacy Act ("CIPA") speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 243.

244.    Paragraph 244 contains legal conclusions to which no response is required. CIPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 244.

245.    Paragraph 245 contains legal conclusions to which no response is required. The letter referred to in paragraph 245 speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 245.

246.    Paragraph 246 contains legal conclusions to which no response is required. CIPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 246.

247.    Paragraph 247 contains legal conclusions to which no response is required. CIPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 247.

248.    Paragraph 248 contains legal conclusions to which no response is required. TTD incorporates its answers to the preceding paragraphs 219–235 as if fully set forth herein. Except as expressly admitted, TTD denies the allegations in paragraph 248.

249.    Paragraph 249 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 249.

250.     Paragraph 250 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 250.

251.     Paragraph 251 contains legal conclusions to which no response is required. To the extent a further response is required, TTD admits that it is headquartered in California. Except as expressly admitted, TTD denies the allegations in paragraph 251.

252.     Paragraph 252 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 252.

253.     Paragraph 253 contains legal conclusions to which no response is required. CIPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 253.

**Use of Pen Register – California Penal Code § 638.51**

254.     Paragraph 254 contains legal conclusions to which no response is required. CIPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 254.

255.     Paragraph 255 contains legal conclusions to which no response is required. CIPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 255.

256.     Paragraph 256 contains legal conclusions to which no response is required. CIPA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 256.

257.     Paragraph 257 contains legal conclusions to which no response is required. TTD incorporates its answers to the preceding paragraphs 219–235 as if fully set forth herein. CIPA speaks for itself and requires no response. Except as expressly admitted, TTD denies the allegations in paragraph 257.

258.     Paragraph 258 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 258.

259.     Paragraph 259 contains legal conclusions to which no response is required. TTD admits that, on behalf of its advertiser customers, it processes and at times stores data regarding

web traffic, which may include data about websites, web activity, devices, and browsers. TTD admits that it associates data using pseudonymous identifiers, including UID2. Except as expressly admitted, TTD denies the allegations in paragraph 259.

260.    Paragraph 260 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 260.

261.    Paragraph 261 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 261.

262.    Paragraph 262 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 262.

263.    Paragraph 263 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 263.

**Fifth Cause of Action**
**Violation of the Comprehensive Computer Data Access and Fraud Act Cal. Penal Code**
**§502 ("CDAFA") (on behalf of the Statutory Sub-Class)**

264.    TTD incorporates its answers to the preceding paragraphs 1 through 263 as if fully set forth herein.

265.    Paragraph 265 contains legal conclusions to which no response is required. The California Comprehensive Computer Data Access and Fraud Act ("CDAFA") speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 265.

266.    Paragraph 266 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 266.

267.     Paragraph 267 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 267.

268.    Paragraph 268 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 268.

269.    Paragraph 269 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 269.

270.    Paragraph 270 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 270.

271.    Paragraph 271 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 271.

272.    Paragraph 272 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 272.

273.    Paragraph 273 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 273.

274.    Paragraph 274 contains legal conclusions to which no response is required. To the extent a further response is required, TTD has insufficient knowledge or information to admit or deny the allegation that Plaintiffs and the Statutory Sub-Class members were the owners or lessees of any computers, computer systems, computer networks, or data, and on that basis denies those allegations. TTD denies the allegations in paragraph 274.

275.    Paragraph 275 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 275.

276.    Paragraph 276 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 276.

277. Paragraph 277 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 277.

278. Paragraph 278 contains legal conclusions to which no response is required. To the extent a further response is required, TTD admits that it charges its customers for use of its self-service platform and services. Except as expressly admitted, TTD denies the allegations in paragraph 278.

279. Paragraph 279 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 279.

280. Paragraph 280 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 280.

281. Paragraph 281 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 281.

282. Paragraph 282 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 282.

283. Paragraph 283 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 283.

284. Paragraph 284 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 284.

285. Paragraph 285 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 285.

286. Paragraph 286 contains legal conclusions to which no response is required. CDAFA speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 286.

**Sixth Cause of Action**
**Unjust Enrichment under California Common Law**
**(on behalf of the United States Class, or in the alternative on behalf of the California Sub-Class)**

287.    TTD incorporates its answers to the preceding paragraphs 1 through 286 as if fully set forth herein.

288.    Paragraph 288 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 288.

289.    Paragraph 289 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 289.

290.    Paragraph 290 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 290.

291.    Paragraph 291 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 291.

292.    Paragraph 292 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 292.

293.    Paragraph 293 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 293.

294.    Paragraph 294 contains legal conclusions to which no response is required. The Restatement (Third) of Restitution and Unjust Enrichment (Am. L. Inst. 2011) ("Restatement of Restitution") speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 294.

295.    Paragraph 295 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 295.

296.    Paragraph 296 contains legal conclusions to which no response is required. The Restatement of Restitution speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 296.

297.    Paragraph 297 contains legal conclusions to which no response is required. The Restatement of Restitution speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 297.

298.    Paragraph 298 contains legal conclusions to which no response is required. The Restatement of Restitution speaks for itself and requires no response. To the extent a further response is required, TTD denies the allegations in paragraph 298.

299.    Paragraph 299 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 299.

300.    Paragraph 300 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 300.

301.    Paragraph 301 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 301.

302.    Paragraph 302 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 302.

303.    Paragraph 303 contains legal conclusions to which no response is required. To the extent a further response is required, TTD denies the allegations in paragraph 303.

**Seventh Cause of Action**
**Declaratory Judgment that Trade Desk Wrongfully Accessed, Collected, Stored, Disclosed, Sold, and Otherwise Improperly Used Plaintiffs' Private Data**
**(on behalf of the United States Class)**

304.    No response to Paragraph 304 is required because Plaintiffs' Seventh Cause of Action was dismissed in the Court's December 18, 2025 Order. *See* Dkt. 69. To the extent any response is required, TTD incorporates its answers to the preceding paragraphs 1 through 304 as if fully set forth herein.

305.    No response to Paragraph 305 is required because Plaintiffs' Seventh Cause of Action was dismissed in the Court's December 18, 2025 Order. *See* Dkt. 69. To the extent any response is required, TTD denies the allegations in paragraph 305.

1   306.    No response to Paragraph 306 is required because Plaintiffs' Seventh Cause

2   of Action was dismissed in the Court's December 18, 2025 Order. *See* Dkt. 69. To the extent any

3   response is required, TTD denies the allegations in paragraph 306.

4   307.    No response to Paragraph 307 is required because Plaintiffs' Seventh Cause

5   of Action was dismissed in the Court's December 18, 2025 Order. *See* Dkt. 69. To the extent any

6   response is required, TTD denies the allegations in paragraph 307.

7   **X.    PRAYER FOR RELIEF**

8   308.    TTD denies that Plaintiffs are entitled to any relief sought in law, equity, or

9   otherwise, whether individually or on behalf of any allegedly similarly situated individuals.

10  Further, TTD denies that class certification is proper and denies that Plaintiffs or the putative

11  class they seek to represent are entitled to any relief whatsoever. Except as expressly admitted,

12  TTD denies the allegations in paragraph 308.

13  **XI.    DEMAND FOR JURY TRIAL**

14  309.    TTD admits that Plaintiffs demand a trial by jury. TTD demands a trial of all

15  matters so triable.

16  **XII.    AFFIRMATIVE DEFENSES**

17  Without admitting any of the allegations contained in the CCAC and without admitting or

18  acknowledging that TTD bears any burden of proof as to any of them, TTD asserts the defenses

19  listed below. TTD reserves the right to assert any and all additional defenses of which it may

20  become aware during the course of this case.

21  **FIRST AFFIRMATIVE DEFENSE**

22  **(Failure to State a Claim)**

23  The CCAC, as a whole and with respect to each purported claim and cause of action

24  alleged therein, fails to state facts sufficient to state a claim upon which relief can be granted.

25  **SECOND AFFIRMATIVE DEFENSE**

26  **(Consent)**

27  Plaintiffs' claims are barred in whole or in part because Plaintiffs consented to and/or

28  ratified the conduct alleged in the CCAC.  For example, Plaintiffs expressly or impliedly

consented to websites' and mobile apps' privacy policies and/or continued to use those websites

and apps with actual or constructive notice that the alleged conduct was occurring.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Plead with Particularity)**

The CCAC and the claims alleged therein fail to the extent they are not pleaded with

sufficient particularity under the Federal Rules of Civil Procedure.

**FOURTH AFFIRMATIVE DEFENSE**

**(Authorization)**

The CCAC and the claims alleged therein are barred, in whole or in part, because TTD's

alleged conduct was authorized.

**FIFTH AFFIRMATIVE DEFENSE**

**(Dormant Commerce Clause)**

The CCAC and the claims alleged therein are barred, in whole or in part, by the dormant

Commerce Clause of the United States Constitution. Many of TTD's customers are located

outside of California. As interpreted by Plaintiffs, the California laws invoked by Plaintiffs would

unconstitutionally burden interstate commerce and have the practical effect of impermissibly

regulating conduct occurring wholly outside of California.

**SIXTH AFFIRMATIVE DEFENSE**

**(Extraterritoriality)**

The CCAC's state law claims are barred, in whole or in part, because California law does

not apply to persons who do not reside in California and/or to conduct occurring outside

California.

**SEVENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

The CCAC and the claims alleged therein are barred, in whole or in part, by the First

Amendment to the United States Constitution and similar provisions of state constitutions

including Article I, Section 2 of the California Constitution, which protect the creation and

dissemination of information. *See, e.g.*, *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011).

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

The CCAC and the claims alleged therein are barred, in whole or in part, by TTD's good faith and reasonable interpretation of federal and California law.

**NINTH AFFIRMATIVE DEFENSE**

**(No Violation of Law)**

Plaintiffs are not entitled to any relief because TTD has not engaged in any conduct that is a violation of any law or regulation.

**TENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

The CCAC and the claims alleged therein are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages, restitution, or other relief sought in the CCAC.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

The CCAC and the claims alleged therein are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages. Upon information and belief, Plaintiffs never took action to prevent the alleged conduct, which they could have done, for example, through user requests, browser settings, or similar measures.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

The CCAC's claims for equitable relief fail because Plaintiffs have an adequate remedy at law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Restitution)**

The CCAC and the claims alleged therein are barred, in whole or in part, because Plaintiffs seek restitutionary remedies from a party to whom Plaintiffs made no payment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel and Waiver)**

The CCAC and the claims alleged therein are barred, in whole or in part, by the doctrines of estoppel and/or waiver. Plaintiffs have used the internet for years, browsing websites with knowledge that the websites they visited were collecting information about those visits and sharing that information with third parties like TTD. The alleged practices at issue in the CCAC have been broadly covered and subject to extensive public commentary. Yet Plaintiffs continued to visit those websites even though they could have changed their Internet browsing behavior, adjusted their cookie or privacy settings, exercised their rights under operative privacy statutes (including their rights to opt-out or delete data), or taken any number of other steps to address their alleged harm from the alleged conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

Plaintiffs' claims are barred by the doctrine of acquiescence.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' claims are barred in whole or in part by the doctrines of laches to the extent Plaintiffs unreasonably delayed seeking to vindicate their purported rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(CCPA)**

Plaintiffs' claims are barred in whole or in part under the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.100, et seq., which authorizes the opt-out consent model that the CCAC rejects.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Class Action)**

Plaintiffs' action cannot be maintained as a class action because the requirements of Federal Rules of Civil Procedure 23 have not been and cannot be satisfied. The deficiencies include, without limitation, that Plaintiffs are not adequate class representatives, their claims are

not typical of those of the class, any common issues do not predominate, and a class action is not a superior means of adjudication.

NINETEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiffs' and putative class members' claims are barred, in whole or in part, by applicable statutes of limitation.

TWENTIETH AFFIRMATIVE DEFENSE

(Due Process)

Plaintiffs' claims barred in whole or in part by the Due Process Clause of the United States Constitution because the disparity between the injury and damage actually suffered by Plaintiffs and the putative class members, on one hand, and the relief that they seek, on the other hand, is so grossly excessive and disproportionate as to constitute a violation of TTD's due process rights.

TWENTY-FIRST AFFIRMATIVE DEFENSE

(Eighth Amendment)

The CCAC and the claims alleged therein are barred, in whole or in part, by the Eighth Amendment of the United States Constitution, which prohibits excessive fines and cruel and unusual punishment, because Plaintiffs seek grossly excessive relief.

TWENTY-SECOND AFFIRMATIVE DEFENSE

(Standing)

Plaintiffs' claims may be barred in whole or in part under Article III of the United States Constitution. Among other defects, neither the Plaintiffs nor members of the putative class have suffered "an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Plaintiffs do not have statutory standing either, because none of them have been "injured" by any alleged violation of CIPA. *Cf.* Cal. Penal Code § 637.2(a).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Cognizable Injury)**

The CCAC and the claims alleged therein are barred, in whole or in part, because Plaintiffs have not sustained any cognizable injury or damage as a result of any actions allegedly taken or omissions allegedly made by TTD.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties)**

All or part of the damages alleged in the CCAC, if any, were caused by the acts or omissions of other persons or entities for whose conduct TTD is not legally responsible including, for example, any operators of third-party websites or mobile apps.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

The CCAC and the claims alleged therein are barred, in whole or in part, by the doctrine of primary assumption of risk. Upon information and belief, Plaintiffs approved and participated in the conduct of which they now complain. Plaintiffs' conduct indicates that they implicitly consented to encounter an inherent and known risk. As such, Plaintiffs excused TTD from any legal duty it may have had in connection with the conduct alleged in the CCAC.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Privacy Interest)**

The CCAC and the claims alleged therein are barred, in whole or in part, because Plaintiffs do not maintain a legally protected privacy interest over the data Plaintiffs allege to have been impermissibly received by TTD.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Serious Invasion of Privacy)**

The CCAC's claims under the California Constitution, Article I § 1 and the California common law right against intrusion upon seclusion, are barred, in whole or in part, because TTD's alleged conduct is not a serious or highly offensive invasion of privacy, and any invasion of privacy was justified because it substantially furthered countervailing interests.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Party to Communication)**

The CCAC's claims under California Penal Code §§ 631, *et seq*., are barred, in whole or in part, because TTD was a party to the communications alleged by Plaintiffs.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(License)**

The CCAC and the claims alleged therein are barred, in whole or in part, because TTD had an implied or express license to utilize the information at issue in the CCAC.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Barred by Contract)**

The CCAC and the claims alleged therein are barred, in whole or in part, by contracts and/or agreements entered into with the subject websites. When Plaintiffs used the websites alleged in the CCAC, they agreed to privacy policies, terms of service, and other agreements which, for example, may contain limitation-of liability provisions applicable in this case.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Justification)**

The CCAC and the claims alleged therein are barred, in whole or in part, because, to the extent TTD engaged in any of the alleged conduct, TTD was justified in doing so. Services like TTD's support free access to ad-support content that users otherwise would have needed to pay for to access.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Damages not Appropriate)**

The CCAC and the claims alleged therein are barred, in whole or in part, because statutory damages are not appropriate in the circumstances alleged in the CCAC. Even if the jury finds liability, the Court will have discretion to decline to award statutory damages.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Derivative Unjust Enrichment Claim)**

The CCAC and the claims alleged therein are barred, in whole or in part, to the extent they seek relief based on principles of unjust enrichment. Any claim of unjust enrichment is entirely derivative of Plaintiffs' other, legally deficient claims.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Pen Register)**

Plaintiffs' "pen register" claim is barred because TTD's technology is not a "pen register" under the meaning of CIPA, Cal. Penal Code § 638.51(a). To construe the term to include commercial software tools used for ad delivery would be contrary to the statutory text and legislature's intended purpose and would produce absurd results.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Permissible Use of Pen Register)**

To the extent any of TTD's technology is deemed to be a "pen register" under the meaning of CIPA, Cal. Penal Code § 638.51(a), Plaintiffs' "pen register" claim is nonetheless barred because TTD's use complied with applicable law due to consent or authorization or other applicable exception

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The CCAC and the claims alleged therein are barred, in whole or in part, by the doctrine of unclean hands.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No causation)**

The CCAC and the claims alleged therein are barred because the conduct of TTD upon which Plaintiffs base their claims was not the actual or proximate cause of any loss, damage or injury suffered by Plaintiffs.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Scienter)**

The CCAC and the claims alleged therein fail because TTD lacks the requisite scienter, including knowledge, specific intent, and/or willfulness, necessary to render unlawful the conduct alleged.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Punitive Damages)**

The CCAC and the alleged claims in it fail to set forth facts sufficient to constitute a claim of relief for punitive or exemplary damages in that TTD did not act with malice, fraud, or oppression with respect to Plaintiffs.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Mistake)**

The CCAC and the claims alleged therein are barred, in whole or in part, on the grounds that TTD reasonably relied on facts that may later prove to be false and/or made a bona fide error despite using reasonable procedures to avoid any such error.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Improper Request for Attorneys' Fees)**

Plaintiffs' request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Communications Decency Act, 47 U.S.C. § 230**

Plaintiffs' claims are barred in whole or in part by Section 230 of the Communications Decency Act. Section 230 immunity applies if (1) the defendant is a provider of an "interactive computer service," and (2) the claim seeks to hold the defendant liable as a "publisher or speaker" of (3) content provided by someone else. *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019). TTD is a provider of an interactive computer service to the extent it provides or enables computer access by multiple users to a computer server.

1

## **RESERVATION OF DEFENSES**

2          TTD currently does not have knowledge or information sufficient to form a belief as to

3    any other potential defenses that may be available to it and expressly reserves the right to amend

4    or supplement this Answer and defenses, as well as to assert any and all additional or alternative

5    defenses under any applicable state or federal law or regulations. TTD also reserves the right to

6    assert any additional or alternative cross-claims, counterclaims, and third-party claims.

7

8    Dated:  February 17, 2026                              **PERKINS COIE LLP**

9

10                                                          By: */s/ Susan D. Fahringer*
                                                            _____

11                                                          Susan D. Fahringer, Bar No. 162978
                                                            Nicola C. Menaldo (*pro hac vice*)

12                                                          Hayden M. Schottlaender (*pro hac vice*)

13                                                          *Attorneys for Defendant The Trade Desk, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28