Susan Fahringer, Bar No. 162978
Nicola Menaldo (pro hac vice)
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, WA 98101
Telephone: 206-359-8687
Fax: 206-359-9000
Email: sfahringer@perkinscoie.com
Email: nmenaldo@perkinscoie.com

Hayden M. Schottlaender
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX  75201
Telephone: +1.214.965.7700
HSchottlaender@perkinscoie.com

Caroline Sundermeyer, Bar No. 353219
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650-838-4300
Fax: 650-838-4350
Email: CSundermeyer@perkinscoie.com

*Attorneys for Defendant The Trade Desk, Inc.*

Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Linnea D. Pittman (*pro hac vice*)
lpittman@lchb.com
Danna Elmasry (*pro hac vice*)
delmasry@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

Jason "Jay" Barnes (*pro hac vice*)
jaybarnes@simmonsfirm.com
Eric Johnson (*pro hac vice*)
ejohnson@simmonsfirm.com
An Truong (*pro hac vice*)
atruong@simmonsfirm.com
Sona R. Shah (*pro hac vice*)
sshah@simmonsfirm.com
SIMMONS HANLY CONROY LLP
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone:  212.784.6400
Facsimile: 212.213.5949

*Attorneys for Plaintiffs and
the Proposed Classes*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re The Trade Desk, Inc. Data Privacy Litigation | Case No. 3:25-cv-2889 (CRB) |
| | **[STIPULATED] ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| | **CLASS ACTION** |
| | **DEMAND FOR JURY TRIAL** |
| | Judge: Hon. Charles R. Breyer |
| | Date Action Filed: March 28, 2025 |
| | Trial Date: Not set |

## I.    **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## II.    **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## III.    **LIAISON**

1.    The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

2.    TheTradeDesk, Inc. ("Trade Desk") appoints Hayden Schottlaender (Perkins Coie LLP) as its e- discovery liaison.

3.    Plaintiffs appoint David Rudolph (Lieff Cabraser Heimann & Bernstein, LLP) and An Truong (Simmons Hanly Conroy LLP) as their e-discovery liaisons.

## IV.    **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

1.    Plaintiffs take the position that ESI created or received between 2018 and the present should be preserved, whereas Trade Desk takes the position ESI created or received between 2021 and the present should be preserved. The parties continue to meet and confer regarding the appropriate ESI preservation period, and will either present to the Court an agreed amended ESI Order for approval or will submit the issue to the Court for resolution;

[STIPULATED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:25-CV-2889 (CRB)

2.     The parties have exchanged or will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, *e.g.*, "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

3.     The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

4.     These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced, absent a showing of good cause:

(a)     Backup systems and/or tapes used for disaster recovery containing duplicative information that is more reasonably accessible;

(b)     Systems containing duplicative documents, data, or information available elsewhere that are no longer in use that cannot be accessed;

(c)     Deleted or fragmented data accessible only by forensics; and

(d)     Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

5.     Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve, search, or collect the following:

(a)      Data maintained on personal devices belonging to Defendant's employees;

(b)     Information from handsets, mobile devices, personal digital assistants, and tablets;

(c)     Automatically saved versions of documents.

6.     In addition to the agreements above, the parties agree to meet and confer concerning additional data that (a) could contain relevant information but (b) under the proportionality factors should not be preserved.

[STIPULATED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:25-CV-2889 (CRB)

## V.   SEARCH & REVIEW

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

Deduplication.  A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across Custodians at the family level using MD5 or SHA-1 hash. In order to lessen the burden of review, a Party may review only the most inclusive email in a thread so long as each relevant email in the thread is produced.

## VI.   PRODUCTION FORMATS

The parties agree to produce documents in the formats described in Appendix 1 to this Order. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

## VII.   PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI, including the possibility of rolling productions.

## VIII.   DOCUMENTS PROTECTED FROM DISCOVERY

1.       Pursuant to Federal Rule Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

2.       The parties reserve their rights to meet and confer regarding assertions of privilege. Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## IX.   MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the

[STIPULATED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:25-CV-2889 (CRB)

Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:  March 20, 2026

Respectfully Submitted,

*/s/ David Rudolph*

By: /s/ Hayden Schottlaender

Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Linnea D. Pittman (*pro hac vice*)
lpittman@lchb.com
Danna Elmasry (*pro hac vice*)
delmasry@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Jason "Jay" Barnes (*pro hac vice*)
jaybarnes@simmonsfirm.com
Eric Johnson (*pro hac vice*)
ejohnson@simmonsfirm.com
An Truong (*pro hac vice*)
atruong@simmonsfirm.com
Sona R. Shah (*pro hac vice*)
sshah@simmonsfirm.com
SIMMONS HANLY CONROY LLP
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: 212.784.6400
Facsimile: 212.213.5949

*Attorneys for Plaintiffs and the
Proposed Classes*

Susan Fahringer, Bar No. 162978
Nicola Menaldo (pro hac vice)
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101
Telephone: 206-359-8687
Fax: 206-359-9000
Email: sfahringer@perkinscoie.com
Email: nmenaldo@perkinscoie.com

Hayden M. Schottlaender
**PERKINS COIE LLP**
500 N. Akard Street, Suite 3300
Dallas, TX  75201
Telephone: +1.214.965.7700
HSchottlaender@perkinscoie.com

Caroline Sundermeyer, Bar No. 353219
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650-838-4300
Fax: 650-838-4350
Email: CSundermeyer@perkinscoie.com

*Attorneys for Defendant The Trade Desk, Inc.*

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated:  March _23_, 2026

_____
HON. CHARLES R. BREYER
United States District Judge

- 4 -

### APPENDIX 1 – PRODUCTION FORMAT AND METADATA

1.   **Production Components**.  Productions shall include, single page TIFFs, Text Files, an ASCII delimited metadata file (.dat file) and an image load file that can be loaded into commercially acceptable production software (*e.g.*, Relativity).

2.   **Image Load File.**  Image load file must be in standard Option (.OPT) format and must reference each TIFF file in the corresponding production, and the total number of TIFF files referenced in the load file must match the total number of image files in the production.  The total number of Documents referenced in a production's data load file should match the total number of designated Document breaks in the corresponding image load file for that production.  In any deliverable volume, documents should be organized in such a way that each folder in the volume contains 1000 files (each TIFF page or native file is a single file) as one file per folder. Every image in the delivery volume should be cross-referenced in the image load file.  The imageID key should be named the same as the Bates number of the page.  Load files should not span across media (*e.g.*, CDs, DVDs, hard drives, etc.), *i.e.*, a separate volume should be created for each piece of media delivered.  Sample Concordance/Opticon Image (.OPT) Load File:

- MSC000001, MSC001, \VOL001\IMAGES\001\MSC000001.TIF,Y,,,2
- MSC000002, MSC001, \VOL001\IMAGES\001\MSC000002.TIF,,,,
- MSC000004, MSC001, \VOL001\IMAGES\001\MSC000004.TIF,Y,,,2
- MSC000005, MSC001, \VOL001\IMAGES\001\MSC000005.TIF.

3.   **Metadata Fields and Metadata File**.  Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document.  The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, CUSTODIAN, NATIVELINK, TEXTLINK, HASH_VALUE, REDACTED, REDACTED_REASON, and CONFIDENTIALITY.  The metadata file shall be delimited according to the following characters:

- Delimiter = ¶ (ASCII:020)
- Text-Qualifier = þ (ASCII:254)

[STIPULATED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:25-CV-2889 (CRB)

- New Line = ® (ASCII:174)

- Multi-value delimiter = (ASCII Code 059)

| Field Name | Field Description |
| --- | --- |
| BegBates | First Bates number (production number) of an item. |
| EndBates | Last Bates number (production number) of an item.<br>**The EndBates field should be populated for single-page items. |
| AttachName | File name of the attachment, with any attachments separated by semi-colon. |
| BegAttach/Group ID | First Bates number of family group. |
| EndAttach | Last Bates number of attachment range (*i.e.*, Bates number of the last page of the last attachment). |
| PgCount | Number of pages in the item. |
| Custodian | Name of person or source from whose/which files the item is produced. |
| AllCustodian | Name of the person(s), in addition to the Custodian, from whose files the item would have been produced if it had not been de- duplicated. |
| FileSize | Size (in kilobytes) of the source native file. |
| SourceFilePath[1] | The directory structure or path where the original file was stored on the party's source computer system, ending in the filename. Any container name (such as ZIP or PST containers) is included in the path. |
| HashValue | The MD5 or SHA-1 or IntMsgID hash value of the item. |
| NativeFileLink | Relative path for documents provided in native format only. **The linked file must be named per the BegBates value. |
| SourceParty | Name of entity or party producing the item. |
| RecordType | Indicates item type (*e.g.*, email, edoc, attachment). |
| FileType | *E.g.*, Outlook, Adobe Acrobat, MS Word, etc. |

---

[1] This field may be excluded if the producing party determines it includes information protected by any applicable privilege or immunity.

[STIPULATED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:25-CV-2889 (CRB)

| Field Name | Field Description |
| --- | --- |
| FileExtension | Indicates file extension of the file *e.g.*, .docx, .pptx. |
| Parent Date/Sort Date | The date associated with a family's parent record, which is assigned as follows: Emails populated with 1st occurrence: **Date Sent** or **Date Received** or **Date Last Modified**. Email attachments populated from the date above Outlook Appointments populated with 1st occurrence of **Start Date** or **Date Last Modified** Loose Edocs populated with 1st occurrence of **Date Last Modified** or **Date Created.** |
| DateSent (mm/dd/yyyy) | Date email or calendar item was sent. |
| TimeSent (hh:mmAM/PM) | Time email or calendar item was sent  (Date and time fields may be combined). |
| DateReceived | Date email or calendar item was received. |
| TimeReceived | Time email or calendar item was received (Date and time fields may be combined). |
| To | The names and/or SMTP email addresses of all recipients that were included on the "To" line of the email or calendar item. |
| From | The name and/or SMTP email address of the sender of the email or calendar item. |
| CC | The names and/or SMTP email addresses of all recipients that were included on the "CC" line of the email or calendar item. |
| BCC | The names and/or SMTP email addresses of all recipients that were included on the "BCC" line of the email or calendar item. |
| Number of Attachments | Number of attached, embedded or grouped items. |
| DateCreated (mm/dd/yyyy) | Date the item was created. |
| TimeCreated (hh:mm AM/PM) | Time the item was created (Date and time fields may be combined). |
| ModifiedBy | Person who last modified or saved the item, as populated in the metadata or document properties of the native file. |

- 7 -

| Field Name | Field Description |
| --- | --- |
| LastModDate (mm/dd/yyyy) | Date the item was last modified. |
| LastModTime (hh:mm AM/PM) | Time the item was last modified. |
| Date Last Printed | Date the document was last printed. |
| FileName | The filename of the source native file for an ESI item. |
| Title | Any value populated in the Title field of the source file metadata or item properties. |
| Subject/E-Mail Subject | Any value populated in the Subject field of the source file metadata or document properties (*e.g.*, subject line of email or calendar item). |
| Author | Creator of the document; any value populated in the Author field of the source file metadata or document properties. |
| TextPath | Full relative path to the location of the document-level text file. |
| Redacted | User-generated field that will indicate redactions. With the word "REDACTED". Otherwise, blank. |
| Redaction Reason | The reason for the redaction. If more than one reason, separate by semi-colons. |
| Confidentiality | User-generated field that will indicate confidentiality. With the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" applicable. Otherwise, blank. |

4.      **TIFFs**. The parties agree that all Documents, with the exception of Documents produced in Native Format, will be produced as single-page black and white Group IV TIFF image files of at least 300 dpi resolution with 1 bit depth. Page size shall be 8.5 x 11 inches, unless in the reasonable judgment of the producing party, a particular item requires a different page size. Each image file will use the Bates number of the page as its unique file name. Original document orientation as displayed in the native file should be maintained in the TIFF image (*i.e.*, portrait to

portrait and landscape to landscape). All hard copy Documents that are scanned will be produced in electronic form.

5. **Color Documents**. Where necessary and practicable, hard copy Documents in color will be scanned in color to ensure full information is communicated in the scanned copy. Scanned color documents will be provided in JPG file format. If an original ESI Document contains color text, markings or graphics, and the receiving party believes it is necessary to view such Document in its original color to understand its full meaning or content, then the receiving party may request that the ESI Document be produced in color format. The producing party shall then reproduce such Document(s) and/or ESI in color JPEG format, or in native format. This section also applies to documents that are produced as TIFF images.

6. **Text Files**. A single multi-page text file shall be provided for each document, and the filename should match its respective TIFF filename. A commercially acceptable technology for optical character recognition "OCR" shall be used for all scanned, hard copy documents. When possible, the text of native files should be extracted directly from the native file. Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents. All documents shall be produced with a link in the TextLink field.

7. **Image Load Files / Data Load Files**. Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production. The total number of documents in a production should match the total number of records in the data load file.

8. **Bates Numbering**. Each TIFF image produced under this Order shall be assigned a Bates number that must: (1) be unique across the entire document production; (2) maintain a constant length of nine numeric digits (including 0-padding) across the entire production; (3) contain only alphanumeric characters, no special characters or embedded spaces; and (4) be sequential within a given Document. The producing party will identify the Bates number range of

- 9 -

each production in a cover letter or production log accompanying the production.  If a producing party skips a Bates number or set of Bates numbers in a production, the producing party will identify and note the gap in the cover letter or production log accompanying the production.  The producing party will brand all TIFF images in the lower right-hand corner with its corresponding Bates number, using a consistent font type and size.  If the receiving party believes that a Bates number obscures the content of a Document, then the receiving party may request that the Document be produced with the Bates number in a different position.

9.    **Confidentiality Designation**.  Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter.

10.    **Redaction**.  The parties agree that where ESI items need to be redacted, they shall be produced in TIFF format with each redaction clearly indicated or where TIFF format is not practicable, in redacted native format, as noted below. Any unaffected data fields shall be provided. The redaction of any material for privilege or other reason shall be governed by the applicable rules and case law regarding privilege and the provisions contained in the Protective Order entered in this action. Documents that are to be produced in native format, but that require redactions may be produced as TIFF images with the relevant portions redacted, or if a TIFF image production is not practicable (e.g., the file is a video or very large spreadsheet), the producing party may produce a copy of the native file with the relevant portions replaced with "REDACTED" or a similar mark. If modification of a native file is required for redaction purposes, metadata information associated with that file should remain unchanged, unless it also requires redaction. For each document that is redacted, a Redaction field will be populated with the word "REDACTED" in the .DAT file.  Also, the producing party will keep a pristine original copy of the native document.

11.    **Printing Specifications for Excel and PowerPoint Files**.  For Excel and PowerPoint type files that are printed to TIFF for redaction and redacted, the following printing options shall be enabled:

- Excel Print to TIFF Options

[STIPULATED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:25-CV-2889 (CRB)

- Unhide columns and rows

- Unhide worksheets

- Autofit columns and rows, settings to be over by columns first and, then down by row

- Print gridlines

- Do not apply Autofilter

- Display headings

- Display comments

- Header and Footer filename field handling: Show field code

12. **Native Files**. Spreadsheets (*e.g.*, MS Excel, Trade Desk Sheets), PowerPoint files, and delimited text files (*e.g.*, comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in either their native format or MS Excel, with applicable metadata and extracted, searchable text. If good cause exists to request production of files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied. Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in Appendix 1. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. If a file has been redacted, color TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

13. **Proprietary Files**. To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information. The parties shall meet and confer to finalize the appropriate production format.

14. **Databases, Structured, Aggregated or Application Data**. For requests in which responsive information is contained in a database or other structured or aggregated data source, the parties will meet and confer to identify a reasonable method and format for production.

- 11 -

15.     **Production Media**.  Documents shall be encrypted and produced on an FTP link. and shall identify a production number corresponding to the production volume (*e.g.*, "VOL001," "VOL002"), as well as the volume of the material in that production (*e.g.*, "-001," "-002").  Each piece document shall also identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range; and (4) the set(s) of requests for production for which the documents are being produced.

- 12 -

**<u>ATTESTATION</u>**

Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.


Dated:  March 20, 2026          *David Rudolph*
                                David Rudolph
                                **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

[STIPULATED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:25-CV-2889 (CRB)